[No. 2,953.]

## PLEASANT D. LOGAN v. JOHN S. HALE, M. LEVENSOHN, AND J. B. GALLAND.

SUBROGATION OF JUDGMENT DEBTOR TO INTEREST OF JUDGMENT DEBTOR IN LAND.—If A. makes a verbal contract with B. to sell him a tract of land, and puts B. in possession thereof, judgment creditors of B. do not thereby, by virtue of the lien of their judgment or the levy of an execution, acquire such an interest in the land as to entitle them to be subrogated to B.'s rights, and to compel A. to make a conveyance to them upon paying him the purchase price which B. was to pay.

LIEN OF JUDGMENT CREDITOR.—If A. makes a verbal contract with B. to sell him a tract of land, and B. goes into possession, B.'s judgment creditors acquire no interest in the land except a lien on his interest to be enforced by sale on execution.

PARTIES TO SUIT IN EQUITY.—If A. makes a verbal contract with B. to sell him a tract of land, and puts him in possession, B. is a necessary party to an action commenced by the judgment creditors against A. to be subrogated to B.'s rights in the land.

The Court Must Supply Omissions in Findings.—If the findings of a Court omit material facts in the cause, it is the duty of the Court to supply the omissions when its attention is called to the subject by proper exceptions to the findings.

Levy Upon Land, when Irregular.—When the judgment debtor has, or claims, an interest in only a small, well defined parcel of a much larger tract of land, it is extremely irregular, to say the least, to levy the execution upon his interest in the general tract instead of the particular parcel he claims.

Enjoining Sale on Execution.—If the owner of a large tract of land contracts to sell a part of it, and the judgment creditors of the party with whom he contracts attempt to sell the whole tract on execution, the Court intimates that the owner may enjoin the sale, except as to the part contracted to be sold.

Appeal from the District Court of the Second Judicial District, County of Tehama.

Action to enjoin the sale of land under an execution. In 1867 the plaintiff, being the owner in fee of a large tract of land, consisting of two thousand five hundred and forty-two acres, made a verbal agreement with one Robinson to sell him a parcel of about one hundred and twenty-five acres, out of the northeast corner of the tract, at two dollars per acre. Robinson built a dwelling house upon the tract, and occupied it with his family; inclosed the land with a fence, at a cost of over two hundred dollars; and cultivated it for two years, but did not pay any portion of the purchase money. In November, 1869, Robinson became embarrassed in his finances, and fearing that his interest in the land might be interfered with by his creditors, by attachment or otherwise, on the fifteenth of the month he made a verbal arrangement with the plaintiff, surrendering his right to purchase the land. The plaintiff hired a man to do three days' plowing upon the land, but Robinson's family still remained upon the premises. On the 22d of November, 1869, Levensohn and Galland, who are defendants in this action, brought suit against Robinson, and levied an attachment on the interest of Robinson in the entire tract of two thousand

five hundred and forty-two acres. Judgment for one thousand two hundred and sixty-five dollars and costs was rendered against Robinson, and, under the execution, the creditors levied upon Robinson's interest in the whole tract. The plaintiff brought this suit to enjoin the defendant Hale, as Sheriff, from making the sale. In their answer, the defendants plead that, by virtue of their judgment against Robinson, they became subrogated to his rights under the contract of purchase with the plaintiff, and offer to pay the amount of purchase money which they allege to be due, whenever the plaintiff shall convey the title to them. They ask judgment that the Robinson tract be sold, that the purchase money coming to the plaintiff be paid to him out of the proceeds, and the balance be applied on the execution under the judgment in the former action. The case was tried by the Court without a jury. The Court held that the defendants were entitled to be subrogated to the equities of Robinson under the agreement of purchase, and decreed that, on the payment to the plaintiffs of two dollars per acre for the one hundred and twenty-five acres, the plaintiff convey the legal title to the defendants. From this judgment the plaintiff appealed.

*Beatty & Denson,* for Appellant.

Either Robinson had or had not an interest in the land capable of being levied on and sold. If he did not have such interest, of course there could not be such a decree as was rendered in this case. If he did have such interest, the decree is equally erroneous. How could the Court tell what that interest was worth? It might be worth ten thousand dollars—it might not be worth ten dollars. After the land was conveyed to the creditors of Robinson, what would become of the judgment and execution? Would it be satisfied in whole or in part? Or would the creditors have Robinson's land, and Robinson still owe the entire debt? A

levy does not divest a man of his property; it only creates a lien. The final divestiture of the property only arises when a sale shall have taken place. How, then, came the creditors of Robinson to be entitled to the conveyance from Logan? Neither Logan, Robinson, nor the Sheriff had sold them any land. But, perhaps, it may be said Robinson is not appealing, and the decree can do the appellant no harm, because it makes no difference to him whether he deeds the land to Robinson or his creditors. If Robinson was before the Court in this proceeding, so as to bind him by the decree, and it was, on proper investigation, determined that the plaintiff, on his receiving two hundred and fifty dollars, was bound to convey one hundred and twenty-five acres of land, it would make but little difference to him to whom he made the conveyance. But that is a mooted point, and it is one which cannot be determined without bringing Robinson into Court. He is not a party to this action. Suppose the plaintiff were, in accordance with the terms of the decree in this case, to deed one hundred and twenty-five acres of land to Robinson's creditors. If Robinson were afterwards to sue for a specific performance, or damages in lieu thereof, if performance could not be had, it would be no answer to the complaint for Logan to say: "I have already deeded the land to your creditors." Robinson could well say: "I was no party to that proceeding; I am not bound by it; my interest in this particular land has never been sold; I either want the land or full compensation for it."

*G. P. Braynard*, for Respondents.

By the Court, CROCKETT, J.:

Waiving the question whether the levy of the defendants' attachment and execution, and the threatened sale under the execution, created a cloud upon the plaintiff's title, and whether the plaintiff had such a possession of the land sold

to Robinson as would enable him to maintain an action to quiet his title under section two hundred and fifty-four of the code, I proceed to inquire whether the defendants are entitled to the relief awarded to them by the Court below. Allowing to the pretensions of the defendants Levensohn and Galland the widest latitude, the utmost that they can rightfully claim on the facts disclosed by the record is that, by reason of their judgment, attachment, and execution, they have acquired a lien, for the security of their debt, upon whatever interest Robinson had in the land purchased from the plaintiff. But I am unable to discover on what possible theory of the facts contained in the record the Court arrived at the conclusion that the execution creditors were entitled to a conveyance of the land from the plaintiff. The levy of their execution did not entitle them to be subrogated to all of Robinson's rights, but only to a lien on his interest in the land, to be enforced by a sale under the execution. Robinson was not a party to the action, and is not bound by the judgment. If the plaintiff should submit to the judgment, and convey the land, as he is ordered to do, to the execution creditors, the judgment would be no bar to a subsequent action by Robinson, against the plaintiff, to compel a conveyance. Moreover, the land may be worth four times the amount of the judgment, and it may be that, under the parol agreement for a rescission of the contract between Robinson and the plaintiff the latter would be entitled to the surplus proceeds of the sale, even though it be conceded that Robinson had an interest in the land which is subject to the execution. In any view of the case, that portion of the judgment is erroneous which directs the plaintiff to convey the land to the judgment creditors.

The Court also erred in refusing to amend its findings on the request of the plaintiff. The findings, as filed, omitted

to find upon several of the material issues in the cause, and the Court should have supplied the omission when its attention was called to the subject by the plaintiff's exceptions to the findings.

It was admitted at the trial that the plaintiff was the owner, in possession, of the whole of a tract containing over twenty-five hundred acres, except a small parcel in one corner thereof, containing about one hundred and twenty-five acres, which it was claimed he had sold to Robinson by a verbal contract. It was not pretended that Robinson had any interest, whatever, except in the small parcel above referred to, and yet the Sheriff levied upon and advertised for sale Robinson's interest in the whole tract. When the judgment debtor has, or claims, an interest in only a small, well defined parcel of a much larger tract, it is extremely irregular, to say the least, to levy the execution upon his interest in the general tract, instead of the particular parcel which he claims. I am strongly inclined to think, but do not express a positive opinion on the point, that upon an irregular levy of this character, and a threatened sale under it, the plaintiff, in possession of the larger tract, would be entitled to enjoin the sale, except of the smaller parcel claimed by the judgment debtor.

Judgment reversed and cause remanded for a new trial.