[No. 14600.   Department Two. — December 9, 1892.]

JESSE BURRIS, APPELLANT, v. JAMES ADAMS ET
AL., RESPONDENTS.

PROBATE SALE OF REALTY — COLLATERAL ATTACK — SUBSTANTIAL COMPLI-
ANCE WITH STATUTE — CONSTRUCTION AGAINST DISTRIBUTEE. — A pro-
bate sale of real estate will not be declared void upon a collateral attack
on the title acquired thereby, if the statutory provisions on the subject
are substantially complied with; and in a doubtful case a court will
not lean toward the attacking party when he is a mere volunteer, and
when his grantor was a distributee in the final decree based upon the
validity of the sale, and made no objection to it, and received without
question the benefit of the money paid into the estate by the purchaser
at the sale.

ID. — QUIETING TITLE — FRAUD IN PROBATE SALE — PLEADING — EVIDENCE.
— When a cause of action to quiet title depends upon the proof of fraud
in connection with a probate sale, the facts constituting the fraud must
be averred in the complaint, else they cannot be proved.

ID. — PROBATE SALE FOR BENEFIT OF ADMINISTRATRIX — COMPLAINT TO
QUIET TITLE — INADMISSIBLE EVIDENCE. — Where it appears, in an ac-
tion to quiet title to land, that the land in contest originally belonged to
the estate of a decedent, and that one of the defendants, as administra-
trix of the estate, sold the property at probate sale to another person,
who, after the administration had closed, reconveyed it to her, but the
complaint contains only the averments usually employed in an action to
quiet title, and does not aver fraud, or the facts sought to be proved, ev-
idence that the purchaser at the probate sale bought the property at the
instance and for the use and benefit of the administratrix, and that the
deed afterwards made by the purchaser to the administratrix was in
pursuance of a preconcerted agreement between the two, by which the
administratrix was to have the property, is properly excluded.

ID. — PURCHASE BY DISCHARGED ADMINISTRATOR. — An administrator has
a perfect right to purchase from one to whom a probate sale has been
made, after he has ceased to be an administrator, and the administration
has been closed, and there is nothing irregular or improper upon the
face of such purchase.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Louis H. Sharp*, and *A. E. Bolton*, for Appellant.

The sale by the administratrix to herself through
James Adams was void. (Code Civ. Proc., sec. 1576;
*Jones* v. *Hanna*, 81 Cal. 509; *Holman* v. *Johnson*, Cowp.
341; *Hamblin* v. *Warnecke*, 31 Tex. 91.   See also *Harrison*

v. *McHenry,* 52 Am. Dec. 435; *Chandler* v. *Moulton,* 33 Vt. 247; *Woodbury* v. *Parker,* 19 Vt. 353; 47 Am. Dec. 695; *Mills* v. *Goodsell,* 13 Am. Dec. 90.)   The sale being void, it never had an existence, and it was not necessary to plead fraud, in order to attack it.   (*Mason* v. *Vestal,* 88 Cal. 396; 22 Am. St. Rep. 310; *Grum* v. *Barney,* 55 Cal. 254; *Humphreys* v. *Harkey,* 55 Cal. 284; *Finch* v. *Riverside etc. R'y Co.,* 87 Cal. 598.   See also *Moss* v. *Shear,* 25 Cal. 44; 85 Am. Dec. 94; *Wetherbee* v. *Dunn,* 36 Cal. 147; 95 Am. Dec. 166; *Barrett* v. *Amerein,* 36 Cal. 326; *Garwood* v. *Hastings,* 38 Cal. 223; *Reily* v. *Lancaster,* 39 Cal. 356.)

*Hutchinson & Campbell,* and *Donald Y. Campbell,* for Respondents.

The claim that the sale is void at all, or within the restrictions of section 1576 of the Code of Civil Procedure, is to make the accusation of fraud, but fraud cannot be relied upon here, as facts constituting it are not pleaded.   (*Wetherly* v. *Straus,* 93 Cal. 283; *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 123; *Oroville etc. R. R. Co.* v. *Plumas Co.,* 37 Cal. 354; *Leszinsky* v. *White,* 45 Cal. 287; *Castle* v. *Bader,* 23 Cal. 75; *Goodwin* v. *Goodwin,* 59 Cal. 560; *Estate of Kidder,* 66 Cal. 487.)

McFARLAND, J.—This is an action to quiet title to the undivided one eighth of certain land.   Judgment went for defendants, and plaintiff appeals from the judgment, and from an order denying a new trial.   The affirmance of the judgment depends upon the correctness of certain rulings of the court below sustaining the validity of a certain probate sale, and sustaining objections to evidence offered by appellant for the purpose of showing the invalidity of certain conveyances made in pursuance of and after said sale.

The land in contest originally belonged to the estate of James Kennedy, deceased, which was under process of administration during the years 1885, 1886, and 1887. The defendant and respondent Mrs. E. A. K. McNeill

was administratrix of said estate.  On June 1, 1886, the superior court in which said administration was pending made an order in due form for the sale of certain real property of said estate for the payment of debts, expenses, etc.; and in pursuance thereof, the administratrix, on December 2, 1886, sold to James Adams, for $5,875, certain lands of said estate, including the land in contest in the present action.  In pursuance of this sale, which was duly confirmed by the court, the administratrix, on December 31, 1886, executed and delivered to said Adams a deed in form sufficient to convey to him all the title of said estate to the land in contest.  In October, 1887, a final decree of distribution was duly entered in said estate, and the said Mrs. McNeill discharged as administratrix.  The next year, on August 9, 1888, the said James Adams executed to said Mrs. McNeill a deed sufficient in form to convey all his title to the land described in the complaint.

With respect to the title under which appellant claims, it is sufficient to say that one Annie Church (afterwards Annie Spaulding) had an interest in the said estate of James Kennedy, and was a distributee named in said decree of distribution made in said estate as aforesaid; and that afterwards, on November 4, 1889, she executed and delivered to appellant a deed sufficient in form to convey to appellant an interest in the land in contest, and which did so convey such interest if she, at the date of said deed, had any such interest.  But as said deed was subsequent to the probate sale to Adams and his conveyance to Mrs. McNeill, above mentioned, Mrs. Church had no interest in said land at the date of her said deed to appellant, unless the title of Mrs. McNeill, through said probate sale as aforesaid, can, for some reason, be overthrown.

1. Appellant contends that the probate sale was void because the petition for such sale was fatally defective.

Many perplexing questions have arisen on collateral attacks on titles acquired through probate sales; but it is settled law here that in such cases a substantial com-

pliance with statutory provisions on the subject are sufficient. (*Stuart* v. *Allen*, 16 Cal. 501; 76 Am. Dec. 551; *Richardson* v. *Butler*, 82 Cal. 176; 16 Am. St. Rep. 101.) And in a doubtful case, a court will not lean toward the attacking party, when he is, as in the case at bar, a mere volunteer, and when his grantor was a distributee in the final decree based upon the validity of the sale, and made no objection to it, and received without question the benefit of the money paid into the estate by the purchaser at the sale. The petition and the order of sale in the case at bar are quite lengthy, and contain many recitals; and we do not deem it necessary to set them forth here, or to notice in detail the objections made to them by appellant. It is enough to say that, in our judgment, the petition and the recitals of the order of sale (Code Civ. Proc., sec. 1537) clearly show a substantial and sufficient compliance with the code, and that the objections of appellant go only to matters that are unimportant and immaterial. The court was fully informed of the facts showing the necessity of the sale.

2. Appellant offered evidence to show that Adams purchased the property at the probate sale at the instance and for the use and benefit of the respondent Mrs. McNeill; and that the deed afterwards made by Adams to said McNeill was in pursuance of a preconcerted arrangement between the two, by which she was to have the property. The court sustained an objection to the evidence upon the ground that there was no averment in the complaint under which such evidence was admissible. We think this ruling of the court was right.

The complaint contains only the averments usually employed in an ordinary action to quiet title. Where the cause of action depends upon the proof of fraud, the facts constituting the fraud must be averred; and this rule has even been applied to defendants when the defense was of an affirmative nature. (*Wetherly* v. *Straus*, 93 Cal. 283.) In the case at bar appellant was the moving party. He bought, or had transferred to him, a

lawsuit, and his only hope of winning it lay in the possibility of proving fraudulent acts which he did not aver. He knew from the start that the respondent McNeill had a perfect legal title, which he could overthrow only by proving her guilty of a certain fraud; and he did not aver the fraud, even in general terms. She had a perfect right to purchase from Adams after she had ceased to be administratrix and the administration had been closed, and there was nothing on the face of the business that was irregular or improper. Appellant expected to succeed by proving the fraudulent violation of a trust, and he failed to aver either such violation, or the existence of the trust itself, for there is no intimation in the complaint that Mrs. McNeill was ever administratrix of any estate, or held any trust relation whatever with respect to the land in contest. Appellant says that he relies on section 1576 of the Code of Civil Procedure, which provides that no administrator must purchase or be interested in any sale of property of the estate; but that section is only a declaration of the pre-existing principle of law that a trustee must not deal with himself. The only thing that could upset respondent's title would be proof of a fraudulent conspiracy between her and Adams to conceal the true purchaser; but in the case at bar such proof could not be made without averment of the facts. In *Jones* v. *Hanna*, 81 Cal. 507, so much relied on by appellant, not only were the facts and relations of the parties different from those in the case at bar, but in that case no question arose as to the sufficiency of the pleadings, or as to the admissibility of evidence under them; the points discussed arose upon the findings alone.

No point is made against the respondent Catherine Kennedy.

Judgment and order affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.