[Civ. No. 6650.  First Appellate District, Division Two.—March 6, 1929.]

L. BAAR, Respondent, v. F. M. SMITH et al., Appellants.

James F. Peck, Brobeck, Phleger & Harrison, Charles W. Byrnes, Louis W. Bennett, Pillsbury, Madison & Sutro,

W. I. Brobeck, Morrison, Dunne & Brobeck and James K. Moffitt for Appellants.

Robert R. Moody, Cyril Appel and R. P. Henshall for Respondent.

STURTEVANT, J.—This is an action to quiet title. The plaintiff named as defendants F. M. Smith, his wife, West End Consolidated Mining Company, Mercantile Trust Company and several other persons. The defendants appeared and answered and a trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendants appealed under section 953a of the Code of Civil Procedure.

The judgment appealed from contained many provisions. After it was rendered, on an application for a writ of *supersedeas,* the supreme court decided that the judgment was void except in so far as it provides for the quieting of plaintiff's title to the stock. (*Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827].) The appellants present six points. In the first place they present the point that the judgment is void except in so far as it provides for the quieting of plaintiff's title to the stock. In support of that point they cite *Baar* v. *Smith, supra.* The respondent disagrees with the appellants in this contention and presents many arguments and cites many authorities which she claims to be to the contrary. It is a sufficient reply to state that the decision of the supreme court in *Baar* v. *Smith, supra,* is controlling in this court and that we are not at liberty to depart from the ruling therein contained; furthermore, we have no disposition to do so. It remains for us to consider the additional points on the appeal of the defendant Evelyn Ellis Smith.

In the next place that defendant contends that no title passed to plaintiff's assignor at the execution sale upon which plaintiff's claim of title is founded, and that the finding in favor of plaintiff's title is therefore unsupported by the evidence. In support of that point she quotes from the execution as levied and she quotes also from the notice of sale. The attempted description in each is the same and is couched in the following language: "all stocks and shares of stock, and interest in stocks and shares, of the West End Consolidated Mining Company, a corporation, standing on

the books of the corporation in the name of the defendant, F. M. Smith; and any and all such shares, stocks and interest in stocks and shares standing on the books of said corporation in the name of Evelyn Ellis Smith and belonging to the defendant in said action; and any and all shares, stocks and interest in stocks and shares standing on the books of said corporation in the name of any other person and belonging to the defendant in this action.'' The record further discloses that at the time of the sale the sheriff read the notice of sale, but made no other announcement or statement furnishing any further description or identification of the property to be sold. The judgment debtor had no notice of the intended sale and was not present. Plaintiff's agent made the only bid, which was in the sum of $100, and thereafter the sheriff executed a certificate containing the above description and made a return containing the same language. The stock which the plaintiff claimed she purchased for $100 consisted of 819,632 shares having an admitted value of $400,000. The record discloses that at the time of the levy none of the stock stood in the name of Mr. Smith. Forty-seven thousand two hundred shares stood in the name of defendant Mrs. Smith. The remaining portion of 819,632 shares stood in the names of other persons. It is first asserted that an execution sale is not valid unless the property sold is described with reasonable certainty. ''The rule is likewise elementary that personal property to be sold must be pointed out to the bidders and specifically designated, and it must not be left to any future act to ascertain what property was actually sold, . . . If shares of stock are sold the number of shares to be sold must be stated.'' (23 C. J. 621.) The defendant cites and relies on the following cases as supporting the text: *Warring* v. *Loomis*, 4 Barb. (N. Y.) 484; *Sheldon* v. *Soper*, 14 Johns. (N. Y.) 352; *Cresson* v. *Stout*, 17 Johns. (N. Y.) 116 [8 Am. Dec. 373]; *Crandall* v. *Blen*, 13 Cal. 15; *Logan* v. *Hale*, 42 Cal. 645; *Cadwalader* v. *Nash*, 73 Cal. 43 [14 Pac. 385]; *Keating* v. *Stone & Sons Live Stock Co.*, 83 Tex. 467 [29 Am. St. Rep. 670, 18 S. W. 797]; *Blair* v. *Compton*, 33 Mich. 416. To those authorities may be added *Mulling* v. *Jones*, 153 La. 1091 [97 South. 202], which is also in point and which quotes with approval the doctrine stated by the supreme court of Louisiana, ''In judicial sales there must be a . . . description of the thing sold. The law will not countenance their being made lot-

teries, at the bidding, and sources of confusion and strife afterwards." Moreover, it is statutory law that to constitute a sale of personal property the same must be identified whether it is separated or not. (Civ. Code, sec. 1140; *Blackwood* v. *Cutting Packing Co.,* 76 Cal. 212, 218 [9 Am. St. Rep. 199, 18 Pac. 248].) The four codes must be construed as though all such codes had been passed at the same moment of time and were parts of the same statute. (Pol. Code, sec. 4480.) The plaintiff cites no statute, and quotes no authority to the effect that although a private person must identify the articles in order to make a sale of personal property, a sheriff can make one legally without identifying the articles. ■ In excuse for the paucity of the description used the plaintiff replies that she did not have the necessary information and could not get the necessary information to make the description full and complete, because she was dealing at arm's length with an unfriendly debtor. That answer is not satisfactory. After she made her levy she had the right and the power in supplemental proceedings to obtain all of the information necessary for the purpose of making a valid sale. (Code Civ. Proc., secs. 714–721; *Adams* v. *Hackett,* 7 Cal. 187, 200–204; *Coffee,* v. *Haynes,* 124 Cal. 561 [71 Am. St. Rep. 99, 57 Pac. 482].) The plaintiff had no right to turn her back on the remedies available and cause the sheriff to make a purported sale such as was made in this case.

■ In the case of *Odell* v. *Cox,* 151 Cal. 70 [90 Pac. 194], the court was considering facts in which it appeared that property of the value of $2,000 was sold for $26.50 together with $14.55 as costs. After discussing some of its own decisions and some of the text-books, speaking through Mr. Justice Angellotti, on page 74, the court said: "By the term 'mere inadequacy of price' is meant simply an inequality in value between the subject-matter and the price. The effect of this rule is that where such inadequacy stands alone, unaccompanied by any unfairness or other inequitable incident, it will not authorize the vacating of the sale. But it is universally recognized that inadequacy of price is a circumstance of greater or less weight, to be considered in connection with other circumstances impeaching the fairness of the transaction as a cause of vacating it, *and that where the inadequacy is palpable and great very slight additional*

*evidence of unfairness or irregularity is sufficient* to authorize the granting of the relief sought. In fact, according to very respectable authority, inadequacy of price may be so gross as in itself to furnish satisfactory evidence of fraud or misconduct on the part of the officer or purchaser, and justify the vacating of the sale.'' (Italics ours.) That decision has become the leading case in this state. It was cited and followed in the case of *Haish* v. *Hall,* 90 Cal. App. 547 [265 Pac. 1030.] In that case property of the value of $1,290 was sold for $15.60. It is not clear that there was any irregularity excepting inadequacy of price. However, the inadequacy was one hundred to one. The sale was set aside. In the instant case the inadequacy was four thousand to one. Moreover, as we have shown above, there were other grave irregularities. We think the record as made shows that the sale was void.

▮ To the foregoing contention made by the defendant the plaintiff says that ''The obvious answer to this contention is, that the sale was made exactly in conformity with the code provisions regarding such sales.'' With this reply we do not agree. In *Cummins* v. *Little,* 16 N. J. Eq. 48, at page 56, the court said: ''I accept it as a sound and clear principle, that if a sheriff abuses, to the detriment of subsequent encumbrancers or of the defendant in execution, the discretion vested in him by law to make sale under execution, a court of equity will grant relief, *although there has been a formal compliance in the conduct of the sale with all the requirements of the statute.* It is not necessary that there should be actual fraud committed or meditated. The abuse of discretion in the execution of the trust is a constructive fraud, against which equity will relieve. In arriving at this conclusion, no fraud or improper motive is designed to be imputed to the sheriff. The evidence does not warrant it. The fair presumption, I think, from the evidence is, that the sheriff had no idea of the real value of the interest that he was selling, of the circumstances which surrounded the transaction, or of the effect of the sale upon the rights of the parties interested. Otherwise, it is scarcely credible that, as a right minded man and upright public officer, he would have struck off the property as he did.'' (Italics ours.) The sheriff was in the act of discharging an important trust which vested in him many highly discretionary powers which do not appear on the face of the statute.

Therefore the showing to be made includes more than a bare compliance with the expressed terms of the statute.

We do not understand that the defendant attacks the levy as distinguished from the sale. Therefore we will not go into the subject. The plaintiff cites and relies on *O'Brien* v. *Mechanics' Ins. Co.*, 56 N. Y. 52. If the validity of a levy were involved, that case would be in point, but there is a broad distinction between an attack on levy and an attack on a sale. (*Fortin* v. *Sedgwick*, 133 Iowa, 233 [12 Ann. Cas. 337, and note, 110 N. W. 460].)

In this same connection the defendant contends that shares of stock in a foreign corporation are not subject to execution sale in a jurisdiction other than in the state under the laws of which the corporation was organized. The plaintiff replies, among other things, that the certificates of the shares of stock in question were in this state and that the rule is not applicable. (23 C. J. 328.) In support of the judgment we think the trial court had before it sufficient facts from which it was entitled to draw the inference that, at the time of the levy, the certificates of the shares in litigation were within this state. There was no direct evidence to the contrary.

The trial court made several findings to the effect that the transfer of 819,632 shares from F. M. Smith to Evelyn Ellis Smith was a fraud on the creditors of F. M. Smith. In the view that we take it will not be necessary to consider those attacks.

The defendant calls attention to the fact that in finding number III the trial court found that ever since February 23, 1921, plaintiff was the owner and entitled to the possession of the 819,632 shares; and that in finding XXVIII the trial court found that at the time of the levy of the execution Evelyn Ellis Smith was the owner of and in the possession of said shares of stock and that ever since the commencement of this action she was such owner. Thereupon the defendant contends that the findings are hopelessly conflicting. The plaintiff replies that the statement of ownership in Evelyn Ellis Smith is a clerical error. It may be. However, this court, on this record may not so declare the fact.

E. L. Ransome, in 1915, was an agent of some kind for F. M Smith. The nature of the agency was not proved.

A. W. Ransome is the son of E. L. Ransome. The son was called as a witness by the plaintiff. Over the objections of the defendant the son was allowed to testify that in 1915 his father, holding a paper in his hand, stated to his son that the paper was a letter from F. M. Smith in which Mr. Smith stated that the transfer in 1912 to Mrs. Smith was to avoid the possibility of the seizure of the shares of stock by the creditors of Mr. Smith. The ruling was clearly erroneous. But, in view of what has been said above, it cannot be said with certainty that it was prejudicial to the rights of Mrs. Smith.

██ Mr W. S. Tevis was called as a witness by the defendant and testified to conversations held between him and Mr. Smith at various times covering the years 1910, 1911, and 1912. The declarations by Mr. Smith were on the subject of his financial ability. Some were made before the transfer to Mrs. Smith, some were made later. At least one of the declarations was made as early as September, 1911, that is, before the transfer. In the conversation held at that time Mr. Smith made the declaration that he was unable to pay a large sum which he was legally bound to pay and which was due and payable. Conceding that the admission of declarations by Mr. Smith after the transfer to his wife were inadmissible as against her, and conceding that the trial court applied the evidence as against her (which the record does not disclose), no prejudicial error appears, because the evidence was but cumulative on the same subject on which unobjectionable evidence had been received from the witness W. S. Tevis.

██ The defendant asserts that the plaintiff should be denied all relief because he comes into a court of equity with unclean hands. To that assertion the plaintiff replies that the defendant is making a collateral attack. No authority is cited by either party to support either of these assertions. Mrs. Smith was not a party to the action out of which the execution issued and is not precluded from attacking that judgment in this action. (34 C. J. 526.) She is a claimant to the chattels and is here in a position to make the claim. (*Boylan* v. *Kelly*, 36 N. J. Eq. 331, 336.) ██ The case last cited is authority to the effect that this plaintiff has not come into court with unclean hands.

Because of the errors in holding the sale the judgment is reversed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 5, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1929.

All the Justices present concurred.