[L. A. No. 10613. In Bank.—March 31, 1931.]

C. A. MAISON, Respondent, v. G. A. PUNTENNEY et al., Appellants.

Sharpless Walker and James L. Davis for Appellants.

No appearance for Respondent.

WASTE, C. J.—Appellants appeal from a judgment quieting plaintiff's title to certain real property and awarding him $1500 for its use and occupation.

The complaint is in the usual form, and alleges ownership in plaintiff and an unfounded claim by defendants. As a second cause of action, it is averred that defendants have been occupying the premises without right, and that the reasonable value of the use and occupation thereof is the sum of $100 a month. The answer of C. W. Puntenney denies title in plaintiff, and sets up title and possession in himself. The defendants G. A. and Mary E. Puntenney, father and mother, respectively, of C. W. Puntenney, disclaim any interest in the ownership of the property, but allege right of possession along with and by authorization of the defendant C. W. Puntenney.

When the cause came on for trial, the defendants demanded a jury, urging that within the meaning of section 738 of the Code of Civil Procedure, the action presented certain legal issues in addition to the issues common to a quiet-title suit. This request was denied as to the first cause of action, the court stating that when necessary it would summon a jury to try the issues involved in the second cause of action having to do with the reasonable value of the use and occupation of the premises. As to this cause of action, however, the defendants waived the right to a jury trial. The cause thereupon went to trial before the court sitting without a jury.

Plaintiff, for the purpose of proving title in himself, introduced in evidence the judgment-roll in an action entitled *Miller* v. *G. A. Puntenney et al.*, wherein, on Feb-

ruary 15, 1914, the Superior Court in and for the County of Los Angeles entered a judgment against the defendants therein named in the sum of $4,000. Plaintiff also introduced a sheriff's deed, dated September 1, 1927, purporting to transfer to the plaintiff whatever interest or title the judgment debtor, G. A. Puntenney, had in and to the property here involved. This deed was executed pursuant to a sale of the demanded property under an execution issued upon the Miller judgment against said G. A. Puntenney, and levied on the property. There was also introduced in evidence, subject to the court's ruling that it was binding only on the defendant G. A. Puntenney, the report of a referee filed in certain supplementary proceedings brought against said G. A. Puntenney by the judgment creditor in the Miller case for the purpose of examining the judgment debtor as to his property. In this report it is found, in substance, that the property here involved had been purchased by the defendant G. A. Puntenney with community funds; that it was, therefore, the community property of G. A. and Mary E. Puntenney; that title was taken in the name of Mary E. Puntenney, and that Mary E. Puntenney thereafter transferred and conveyed said property to her son, C. W. Puntenney, the record holder, who, it is found, must have known of the origin of the funds with which the property was purchased. In admitting this report over defendants' objection, the court very properly ruled that the findings therein contained were not binding on C. W. Puntenney in whose name title now stands, for he was not a party to the case of *Miller* v. *Puntenney, supra.* With this showing, the plaintiff rested.

To establish his title, the defendant C. W. Puntenney introduced in evidence the deed of Mary E. Puntenney, the then record holder, transferring title to him, and under which deed he has since been in possession of the property. This deed is dated December 22, 1925, and antedates by approximately twenty-one months the sheriff's deed under which plaintiff claims title. Defendant also introduced three earlier deeds tracing the record title down to his grantor, Mary E. Puntenney. Defendants thereupon rested.

On his cross-examination of the defendant C. W. Puntenney and also by way of rebuttal, plaintiff, over defendants' repeated objection that the evidence sought to be

elicited was without the issues made by the pleadings, was permitted to introduce evidence tending to show that the property was, in fact, the property of G. A. Puntenney, the judgment debtor in the Miller case, having been purchased with community funds; and that title thereto had been taken in the name of Mary E. Puntenney, his wife, and by her transferred without consideration to C. W. Puntenney, their son, for the sole purpose of defrauding G. A. Puntenney's creditors.

With this evidence before it, the trial court found all of the allegations of the complaint to be true and those of the several answers untrue. It is further found that plaintiff is the owner of the property; that the defendant C. W. Puntenney is without right, title or interest therein; and that the purported transfer to him was made for the purpose of defrauding the creditors of G. A. Puntenney.

Upon this appeal, the defendants again urge, the contention assuming several forms, that it was error for the court below to permit the plaintiff to attack by way of rebuttal the validity of the deed transferring title to C. W. Puntenney. It is asserted that evidence addressed to this point is without the issues made by the pleadings in an action to quiet title, the complaint being devoid of any allegation of fraud, and pertinent only to a creditor's bill or an action to set aside a fraudulent conveyance.

We have not been favored with a brief from the respondent, nor with any response to the order directing him to show cause, if any he has, why the judgment appealed from should not be reversed. ■ In the absence of such brief, we can only assume that in an attempt to support the judgment respondent would rest his case on that line of decisions holding that proof of fraud is admissible in rebuttal without further pleading when in avoidance of the defense set up in the answer. (*Jose Realty Co.* v. *Pavlicevich*, 164 Cal. 613, 616 [130 Pac. 15]; *Wendling Lumber Co.* v. *Glenwood Lumber Co.*, 153 Cal. 411, 413 [95 Pac. 1029]; *Moore* v. *Copp*, 119 Cal. 429, 433 [51 Pac. 630].) The case last above cited recognizes an exception to this rule, however, where, as here, the defendant has the clear record title and plaintiff's whole case depends upon fraud which he does not aver. In *Burris* v. *Adams*, 96 Cal. 664, 667 [31 Pac. 565], it is said: "Where the cause of action depends upon

the proof of fraud, the facts constituting the fraud must be averred . . . He [plaintiff] knew from the start that the respondent McNeill had a perfect legal title, which he could overthrow only by proving her guilty of a certain fraud; and he did not aver fraud, even in general terms. . . . The only thing that could upset respondent's title would be proof of a fraudulent conspiracy . . . to conceal the true purchaser; but in the case at bar such proof could not be made without averment of the facts. . . . " (See, also, *Burris* v. *Kennedy,* 108 Cal. 331, 343 [41 Pac. 458].)

This statement covers the present case. Prior to instituting this action, respondent knew that the appellant C. W. Puntenney had a clear record title to the property, a title that came to him by mesne conveyances from persons other than the one through whom respondent claims. Never at any time had the property stood in the name of G. A. Puntenney, the judgment debtor in the Miller case, and through whom respondent asserts title by virtue of an execution sale purporting to sell his interest, if any, in the property. Appellant C. W. Puntenney, therefore, had a perfect legal title which the respondent could overthrow only by proving the perpetration of a certain fraud. That respondent was aware of this is attested by his statement to the court below at the commencement of the trial, wherein he intimated he would prove a "judgment title" in himself and would establish facts tending to show that the transfer of the property to C. W. Puntenney was in furtherance of a conspiracy between the members of the Puntenney family to defraud the creditors of G. A. Puntenney.

It is evident, therefore, that from the very origin of this action, respondent intended and was required to introduce evidence tending to show fraud on the part of the appellants, if he was to prevail. This proof was not required in avoidance of any defense set up in the answer, but was an essential and material part of respondent's case if he was to overthrow C. W. Puntenney's title. This being so, proof of fraud could not be made without averment of the facts, and it was reversible error to permit of such proof under the pleadings and circumstances of this case.

Under the views stated by us, the respondent's remedy was not to quiet title as owner, but to seek, on appropriate averments, a decree declaring C. W. Puntenney's

title to be grounded in fraud. Whether in this action he should be permitted to file an amended complaint with such object is primarily a question to be decided by the trial court, in the event of an application for leave to amend. In view of our conclusion, we do not find it necessary to consider the many other contentions urged by the appellants.

The judgment is reversed.

Seawell, J., Richards, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.