[Civ. No. 4542. Third Appellate District.—April 19, 1932.]

C. W. ECCLESTON, Respondent, v. SUE C. GALE et al., Appellants.

John B. Haas and John D. Home for Appellants.

Newby & Newby and Dee Holder for Respondent.

ANDERSON, J., *pro tem.*—This is a case wherein 315,752 shares of stock were sold to satisfy a judgment of costs

amounting to the sum of $9, which judgment was sold to the defendant Sue C. Gale for the sum of $16.14.

An examination of the transcript seems to show that one of the defendants in the case, Rex C. Gale, was a director and secretary in the corporation named as Centrifugal National Concentrator Company; that the stock sold herein was stock owned by the plaintiff herein, which was sold to the defendant Sue C. Gale, who was the mother of said Rex C. Gale.

The court found that neither the said plaintiff nor his attorneys had any actual notice of said sale; that the plaintiff did not know that a levy had been made upon said stock for the purpose of satisfying said judgment for costs until on or about the second day of May, 1929; and that the said Rex C. Gale, acting as secretary of the defendant corporation, at the time he made the return upon the sheriff's writ of execution, gave no notice or information to plaintiff or his attorneys that said stock had been levied upon by said defendant corporation, nor did he inform said plaintiff that said stock had been sold at execution.

The court also found that the impending sale of said stock was intentionally kept secret from the said plaintiff and his said attorneys by the said Rex C. Gale and the defendant Sue C. Gale for the purpose and with the intent of selling said stock secretly, so as to eliminate the said plaintiff as a stockholder of defendant corporation, and the court found that the only persons present at the sale were the said Rex C. Gale, Earl Gale (a representative of the said Sue C. Gale) and John D. Home, attorney for defendant corporation and for Rex C. Gale and Sue C. Gale.

The whole evidence is replete with an abundance of facts tending to show that there was a conspiracy to place C. W. Eccleston and his stock where they could not interfere with the defendants' control of the corporation.

We believe it is unnecessary to prolong the discussion of the facts in the case. It is self-evident that the defendants intended to perpetrate a fraud upon the plaintiff. The mere inadequacy of the price paid for the judgment we understand is not in itself sufficient to set aside a sale; however, this, together with the shocking state of facts and circum-

stances revealed in evidence, compels the court to unhesitatingly affirm the judgment.

We cite the following authorities in support of the judgment: *Mississippi & Missouri Ry. Co.* v. *County*, 91 U. S. 643 [23 L. Ed. 367, 368]; *Odell* v. *Cox*, 151 Cal. 70 [90 Pac. 194]; *Haish* v. *Hall*, 90 Cal. App. 547 [265 Pac. 1030]; *Hyman* v. *Stern*, 61 Cal. App. 656 [215 Pac. 911]; *Fortin* v. *Sedgwick*, 133 Iowa, 233 [12 Ann. Cas. 337, 110 N. W. 460]; *Johnson* v. *Avery*, 60 Minn. 262 [51 Am. St. Rep. 529, 62 N. W. 283].

Scores of other cases of like tenor are cited in respondent's brief.

█ The sale was also voidable because of the breach of trust of the defendant Rex C. Gale. (*Wickersham* v. *Crittenden*, 93 Cal. 17, 29 [28 Pac. 788]; *Sims* v. *Petaluma Gas L. Co.*, 131 Cal. 656 [63 Pac. 1011]; *Tafft* v. *Presidio etc. R. R. Co.*, 84 Cal. 131 [18 Am. St. Rep. 166, 11 L. R. A. 125, 24 Pac. 436]; *Baxter* v. *Boston-Pacific Oil Co.*, 81 Cal. App. 187 [253 Pac. 185]; *Davis* v. *Rock Creek L. F. & M. Co.*, 55 Cal. 359 [36 Am. Rep. 40].)

Defendant cites the case of *Rauer* v. *Hertweck*, 175 Cal. 278 [165 Pac. 946], to justify a reversal in this case. We fail to see its application; it can be distinguished in many instances, as respondent has shown in his brief.

All other objections have been considered, but we have decided to affirm the judgment as it stands.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.