[Sac. No. 5056.   In Bank.—February 26, 1937.]

ROBERT THOMPSON et al., Respondents, v. W. G. MOORE et al., Appellants.

Elmer W. Armfield and Arthur B. Eddy for Appellants.

A. G. Bailey for Respondents.

CURTIS, J.—Plaintiffs were the owners of a house and lot in San Francisco. The defendants owned a tract of land containing 41.5 acres situated in the county of Yolo. They exchanged their respective properties upon a basis of a valuation of $4,500, assuming each piece of property to be clear of encumbrances. Plaintiffs' property in San Francisco was subject to a mortgage given to secure a promissory note for $1697.43. Defendants paid plaintiffs the sum of $102.57. These two items amounted to $1800, and, to offset them, the plaintiffs executed and delivered to the defendants their promissory note for $1800, and secured the same by a trust deed on the Yolo County property. After the completion of this exchange, the plaintiffs instituted this action, claiming that by reason of certain false and fraudulent representations made by defendants in respect to the Yolo County property they had been materially damaged. The original complaint was simply an action to quiet title to real property. Thereafter, plaintiffs filed an amended complaint consisting of two counts. The first count was like that contained in the original complaint, an action to quiet title to real property (the Yolo County property). In the second count it was alleged that the defendants were the owners of the Yolo County property and that it was reasonably worth the sum of $1452.50 and no more, but that had it been of the kind and character represented by the defendants it would have been worth the sum of $4,500; that plaintiffs were the owners of the San Francisco property and it was reasonably worth the sum of $4,500 with a mortgage thereon in the sum of $1697.43; that the Yolo County property as represented by defendants exceeded in value plaintiffs' San Francisco property in at least the sum of $1800; that in order to make up the difference in value between the Yolo County property as represented by the defendants and the true value of plaintiffs' San Francisco property, the plaintiffs executed and delivered to the defendants their promissory note for $1800 and a trust deed upon the Yolo County property to secure the payment of said promissory note. Then follows a statement of the representations, which the plaintiffs allege were made to them by the defendants; that they were false and fraudulently made, and that the defendants knew of their falsity at the time they were made; that plaintiffs did not, but believed they were true, and would not have made said exchange had they not

believed that they were true, and that, by reason of said false and fraudulent representations, the consideration for said trust deed wholly failed. Plaintiffs prayed for a decree quieting their title to said real property and that the deed of trust given to secure said promissory note for $1800 "is not a lien or encumbrance on said land, or any part thereof, and that the record thereof be canceled and annulled". Upon the service and filing of this amended complaint, the defendants appeared and filed a demurrer thereto and at the same time filed a demand and notice of motion for a transfer of said action to the superior court of San Francisco, the place of residence of the defendants. This demand and notice of motion was accompanied by a sufficient affidavit of merits. Upon the hearing of said matters, the motion for change of venue was denied, and the demurrer was overruled on the ground that the action was one simply to quiet title to real property, and was, therefore, a local action triable in the county where the real property was situated. No appeal was taken from the order denying the motion for change of venue, and the same has become final. Thereafter, the defendants answered said amended complaint, and moved the trial court for an order compelling the plaintiffs to elect whether they would try said action on the theory that the second cause of action was a cause of action in equity for the cancellation and rescission, or a cause at law for damages, or whether they would proceed to the trial of said action on the theory that said action was a suit to quiet title. This motion the court denied upon the same ground stated in its order denying the motion for change of trial and overruling defendants' demurrer. The case then went to trial upon the pleadings as framed by the parties. The defendants denied all averments of the amended complaint charging them with making false and fraudulent representations. The trial court made findings, and rendered judgment thereon in favor of the plaintiffs quieting their title to said real property; that the trust deed securing said promissory note was not a lien upon said property and that defendants be enjoined from asserting any claim to said land and premises. The court found that the Yolo County land at the time of said exchange was actually worth only the sum of $1452.50, and that had said property been of the kind and character as represented by the defendants it would have been worth the sum of $4,500, and, as conclu-

sions of law, the court found that plaintiffs were entitled to have their title to said property quieted as against the defendants, and in all other respects the conclusions of law support the judgment indicated above. From this judgment the defendants have appealed.

■ On this appeal the defendants contend that the plaintiffs may not, in the guise of a suit to quiet title, obtain a rescission in part of a transaction without offering to retain the consideration received by them. Upon this statement the defendants base their appeal from the judgment in this action. It will be noted that the plaintiffs have not asked for the cancellation of the $1800 promissory note, but only that the title to their property be quieted as against the trust deed given to secure said note. That a distinction between two such causes of action may be made is indicated by the opinion of this court in the case of *Howe* v. *Tucker,* 219 Cal. 193, 194 [25 Pac. (2d) 832]. The trial court, upon the hearing of defendants' motion for change of place of trial, denied the same upon the authority of *Howe* v. *Tucker, supra.* That is the trial court held that the cause of action set forth in the second count of plaintiffs' amended complaint was an action to cancel and annul a trust deed upon the ground that it had been procured by fraud, and for that reason the consideration had failed and the deed was no longer an encumbrance against plaintiffs' property. In other words, the court held that the action was a local action and the trial thereof should not be changed to the county of the defendants' residence. We quote from the opinion in the case of *Howe* v. *Tucker,* as follows: ''It may be conceded also that a complaint having for its sole and exclusive object the cancellation of a deed or a deed of trust for fraud is a local action. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 Pac. (2d) 931] ; *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343, 351 [202 Pac. 133] ; *Booker* v. *Aitken,* 140 Cal. 471 [74 Pac. 11].) ''

Moreover, it has been repeatedly held that a complaint consisting of two counts, one stating a cause of action to quiet title to real property, and the other for the cancellation of a judgment or other encumbrance against said real property states but a single cause of action. In the case of *Parsons* v. *Weis,* 144 Cal. 410 [77 Pac. 1007], the plaintiff sued to quiet his title to real property and for the cancellation of a judgment on the ground that the same was procured through fraud. It was claimed that there was a misjoinder

of causes of action in the complaint in that action. This court, however, held to the contrary, and in its opinion (page 414) used the following language: "The complaint states only a single cause of action—viz., to quiet the plaintiff's title as against the defendant to the land therein described, and, as incidental thereto, for the purpose of making the judgment more effective, to have the instrument under which the defendant asserts title declared void." To the same effect is *Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232 [61 Pac. 958, 79 Am. St. Rep. 118], where the action was brought to quiet title and the annulment of a sheriff's deed. In that case the court said (page 235): "The complaint presents only a single cause of action, viz., the enforcement of the plaintiff's right to the premises in question against the unlawful claim of the defendant thereto. As a portion of the remedy for the enforcement of that right it seeks the annulment of the sheriff's deed, but a plaintiff may frequently be entitled to several species of remedy for the enforcement of a single right." To the same effect are the following cases: *Muir* v. *Hamilton,* 152 Cal. 634, 636 [93 Pac. 857]; *California Trust Co.* v. *Cohn,* 214 Cal. 619, 629 [7 Pac. (2d) 297]; *Wood* v. *Roach,* 125 Cal. App. 631, 640 [14 Pac. (2d) 170]. In the case of *Muir* v. *Hamilton, supra,* the plaintiff sought to quiet his title to real property and to have a deed which was given to secure two promissory notes canceled on the ground of fraud. In the final paragraph of the opinion it was stated: "The deed which plaintiff gave was, in effect, a mortgage, and was given as security for the payment of the promissory notes. The consideration for the notes having failed totally, it was the plaintiff's right, as the court decreed, that the deed itself should be canceled and annulled."

In those cases, however, there was either a total failure of consideration or some other factor present which made it unnecessary for the defrauded party to restore the consideration received by him before seeking for a cancellation of the encumbrance against his own property. In the present case there was not a total failure of consideration. The plaintiffs still have the land which they received from defendants and they have not offered to restore it to the defendants. No action for the rescission of their contract of exchange would lie unless the plaintiffs restored or offered to restore that which they received in the exchange from the defendants. (*Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490,

498 [33 Pac. 550]; Civ. Code, sec. 1691.) Plaintiffs' action, however, is not one in rescission, but, according to the authorities above cited, is an action to quiet title to real property, and the fact that they also ask for a cancellation of the trust deed is only incidenal to their quiet title action. (*Parsons* v. *Weis, supra.*) The court found that the property they received from the defendants due to the latters' false and fraudulent representations was worth some three thousand dollars less than it would have been worth had defendants' representations been true. This difference in the true value and the value as represented by the defendants far exceeded the amount of the trust deed. The trust deed was given for the purpose of equalizing the valuation of the two pieces of property exchanged, that is to compensate the defendants for the supposed excess in valuation of their property over the property of the plaintiffs. The court found, however, that the valuation of the Yolo County property did not exceed, but was far less than that of the San Francisco property, and, as a conclusion from this finding, held that there was no consideration for the trust deed, and, by its decree, based upon this finding and conclusion of law, quieted plaintiffs' title.

An action to quiet title may be maintained by the owner to determine any adverse claim of the defendant, and the plaintiff in such action is not required to set forth the nature of the defendant's claim. (*Castro* v. *Barry*, 79 Cal. 443, 447 [241 Pac. 946].) To the same effect is the case of *Hyatt* v. *Colkins*, 174 Cal. 580, 581 [163 Pac. 1007], where the court stated the rule as follows: "As to the point that nothing specific is alleged in the complaint concerning the invalidity, or a recital of any facts showing the invalidity of the instrument asserted to be a cloud against the title of the plaintiff, it is well settled that there is no merit in such a claim." There is one exception to this rule, and such exception governs in the present action. That exception is that where the plaintiff seeks to have his title to property quieted as to an instrument which is attacked on the ground of fraud, then, as in all other cases when fraud is the basis for relief, the defrauded party must plead the pertinent facts relied upon as grounds for setting aside said instrument. (*Burris* v. *Adams*, 96 Cal. 664, 667 [31 Pac. 565]; *Maison* v. *Puntenny*, 212 Cal. 134, 137 [298 Pac. 33]; *Carpenter* v. *Smallpage*, 220 Cal. 129, 133 [29 Pac. (2d) 841].) This exception which we are now considering was clearly stated in the case of *Burris* v. *Adams*,

*supra,* page 667,. as follows: "The complaint contains only the averments usually employed in an ordinary action to quiet title. Where the cause of action depends upon the proof of fraud, the facts constituting the fraud must be averred." By reason of this exception to the general rule it was necessary for the plaintiffs' complaint in this action to contain the averments usually employed in an ordinary quiet title action, and, as their right to have their title quieted as against said trust deed was based upon fraud, it was also necessary for them to allege the facts constituting such fraud. The action, however, as is seen from the authorities. cited and quoted from above, was still one action, and that an action to quiet title to real property. It is neither an action for rescission nor one sounding in damages.

For the reasons stated herein we are of the view that the judgment should be affirmed, and it is so ordered.

Langdon, J., Thompson, J., Edmonds, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.