[Civ. No. 8075. Third Dist. June 19, 1952.]

JOSEPH KEJR, Respondent, v. CONSTRUCTION ENGINEERS, INC. (a Corporation), Appellant.

Guthrie, Darling & Shattuck for Appellant.

Preston & Falk & Johnson for Respondent.

PEEK, J.—This is an appeal from an order of the Superior Court denying appellant's motion for change of venue to Los Angeles County.

The first of the two counts set forth in plaintiff's original complaint alleged that on February 6, 1950, he owned certain lands in Mendocino County; that he entered into an agreement with defendant Construction Engineers, Inc., for the sale of the timber thereon, which agreement was subsequently recorded; that defendant, for the sole purpose of inducing plaintiff to enter into the agreement, falsely and with intent to deceive and without intention of performing same represented to plaintiff that it would immediately commence to remove the timber; that plaintiff believing and relying on said representations, executed the agreement; that defendant has failed to perform any provisions of the agreement. The second count is a typical quiet title count alleging the defendant claims an interest adverse to plaintiff. The prayer requests that the recorded agreement be cancelled and that it be adjudged the defendant has no right, title or interest in the property. Contemporaneously with the filing of its demurrer to said complaint defendant filed a notice for change of venue. Following the sustaining of the demurrer with leave to amend and the denial of defendant's motion for change of venue plaintiff filed his amended complaint.

In support of its contention that the trial court erred in denying its motion appellant first argues that as the timber was treated as personalty under the contract of sale (as is permissible, Civ. Code, §§ 658, 660), the action did not concern realty and therefore the rules relating to venue actions concerning realty are not applicable here. Appellant next argues that even if it be determined that the property is realty rather than personalty the situation then becomes one in which a local action has been joined with a transitory action, and a like conclusion must follow. In this connection defendant argues that the gist of the action pleaded in the first count is fraud, that therefore if defendant were a natural person it would be entitled to have the cause transferred to its place of residence, and since the fraud action has not been brought

in any of the alternate venues allowed for suits against corporations, appellant is, in such case, likewise entitled to have it removed to the county of its principal place of business.

■ It is the rule that a complaint seeking to quiet title and for cancellation of the instrument under which defendant claims an interest in and to realty, states but one cause of action even though there may be multiple counts in the complaint. (*Earl* v. *Lofquist,* 135 Cal.App. 373, 379, 380 [27 P. 2d 416]; *Thompson* v. *Moore,* 8 Cal.2d 367, 370 [65 P.2d 800, 109 A.L.R. 1027].) In the present case the only relief requested is that the title of plaintiff be quieted and that the instrument under which defendant claims be declared void. The first count of the complaint specifically alleges the facts entitling plaintiff to have the contract for the sale of the timber declared void and to have his title to the premises quieted. The second count alleges a quiet title action in general terms. The facts alleged in the first count would be admissible under the general issue of a quiet title action. Although the complaint is in two counts only one cause of action is stated, to wit, a cause of action to quiet title. (*Earl* v. *Lofquist, supra; Thompson* v. *Moore, supra.*)

In *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931], the plaintiff in a one count complaint sought cancellation of a deed of conveyance to real property on the ground of fraud and to have her title quieted against the claims of defendant therein. The defendant moved to have the action transferred from the county of the situs to her place of residence on the ground that the cause of action stated was transitory. The Supreme Court in affirming the trial court's denial of said motion said, at page 382:

"From an examination of the complaint we are satisfied that the substantial nature of the action (citation) is to cancel a deed on the ground of fraud and to compel a reconveyance to or a reverting of the title in the plaintiff, and that such would be the only relief which could have been granted if the defendant had defaulted. . . . the action is local . . ."

■ Here, as in the Eckstrand case, the essential nature of the action is to cancel an instrument which has clouded the title of certain property on the ground of fraud and to have plaintiff's title thereto quieted, hence "the action is local."

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.