[S. F. No. 19179.   In Bank.   Aug. 28, 1956.]

E. C. LUCAS, Appellant, v. HENRY SWEET et al., Respondents.

Chas. N. Douglas for Appellant.

George De Lew and Robert E. Halsing for Respondents.

SHENK, J.—The plaintiff Lucas appeals from a judgment for the defendants Sweet, Shinn, Freeman, Northern Counties Title Insurance Company, and Emco Investment Company, after their demurrers to his fifth amended complaint were sustained without leave to amend.

The plaintiff brought the action in August, 1952, to quiet title to real property and for other relief. Demurrers were sustained with leave to amend to the original complaint and to successive amended complaints. The demurrer to the last amended complaint was sustained without leave to amend and judgment was entered for the defendants.

The last amended complaint alleges that the plaintiff employed the defendant Shinn, an attorney at law, to procure a divorce for him; that Shinn remained his attorney until May, 1952; that by reason of Shinn's relationship as attorney to the plaintiff and by reason of representations he made to the plaintiff, the plaintiff had confidence in and relied upon him and did whatever he asked him to do, without question; that Shinn obtained the divorce but that the plaintiff did not pay his fee in full; that Shinn filed a complaint in 1948 in the municipal court against the plaintiff to recover on a promissory note purportedly given by the plaintiff in payment of his fee; that Shinn obtained a default judgment in the sum of $415; that the plaintiff has no information, recollection, belief, or knowledge of executing a note to any of the defendants, nor of being personally served in the municipal court action, but that the record in that action recites that Lucas was personally served.

The amended complaint further alleges that Shinn assigned his judgment to defendant Freeman for collection on a percentage basis; that Freeman gave no consideration for this assignment; that in February, 1951, a writ of execution on the judgment was issued in favor of Shinn or Freeman as his assignee and Freeman caused the sheriff to sell certain of the plaintiff's real property to him pursuant to the writ; that the deed executed by the sheriff "is void on its face";

that the only consideration Freeman paid for the described property was some $332 purportedly still owing on the judgment; that the real property was at all times worth greatly in excess of $13,000; that in May, 1952, Freeman gave the plaintiff notice of rent due to Freeman on the property and then commenced an unlawful detainer action to oust the plaintiff from possession; that the plaintiff had no knowledge of any claim to the property until he received the notice of rent due; that the plaintiff is the owner in fee simple of the property; that each defendant claims some interest in the property; that each claim is wrongful and no defendant has any interest therein; and that each of the defendants had full knowledge of all the facts alleged and of the rights of the plaintiff in the property and ''cooperated and conspired with each other defendant'' in acts ''done for the purpose of, and in defrauding plaintiff out of, his said property.''

The plaintiff contends that his last amended complaint states a cause of action against each of the defendants to quiet title to the real property sold at the execution sale. ▮ In this state it is established that a cause of action to quiet title may be pleaded in general terms. ▮ The amended complaint alleges that the plaintiff is the owner in fee simple of the described property, that each defendant claims some interest in the property, that each claim is wrongful and that no defendant has any interest in the property. Allegations such as these are ordinarily sufficient to state a cause of action to quiet title. (*Hyatt* v. *Colkins,* 174 Cal. 580 [163 P. 1007] ; *McNeil* v. *Morgan,* 157 Cal. 373 [108 P. 69].) They are insufficient only if the rest of the complaint reveals a defect in the plaintiff's title. (See *Martin* v. *Hall,* 219 Cal. 334 [26 P.2d 288] ; *Carlson* v. *Lindauer,* 119 Cal.App.2d 292 [259 P.2d 925].) ▮ The only allegations in the present complaint that could be relied on as showing a defect in the plaintiff's title are those describing the execution sale to Freeman. However, accompanying allegations indicate that at the time of the sale and throughout the redemption period Shinn was the plaintiff's attorney; that Freeman purchased as Shinn's agent for collection; that the plaintiff had no personal knowledge of the sale, but that Shinn and Freeman knew of the sale and of the plaintiff's ignorance. The alleged gross inadequacy of the price paid at the execution sale—$332.44 for property worth more than $13,000—strongly suggests a cause for relief and calls for a construction of the complaint in favor of the plaintiff. Assuming the truth of

the allegations, Shinn was under a fiduciary obligation to inform the plaintiff of the sale in order to enable him to bid at the sale or redeem the property within one year. It appears from the allegations that Shinn did not inform the plaintiff and thus that he breached his fiduciary obligation. If this be true, neither he nor Freeman, his assignee for collection, could take advantage of this breach and thus deprive the plaintiff of his property. (See *Odell* v. *Cox,* 151 Cal. 70 [90 P. 194]; *Eccleston* v. *Gale,* 122 Cal.App. 688 [10 P.2d 1032].) Therefore, it cannot be said that the allegations in the complaint describing the execution sale reveal such a defect in the plaintiff's title as would prevent him from stating a cause of action to quiet title in general terms. (See also *Aalwyn* v. *Cobe,* 168 Cal. 165, 166-167 [142 P. 79]; *McKoin* v. *Rosefelt,* 66 Cal.App.2d 757 [153 P.2d 55]; 22 Cal.Jur., Quieting Title, § 32.)

■ The complaint does not disclose laches in bringing the suit to quiet title. The plaintiff alleges that he knew of no claim to his property until three months before the complaint was filed.

The complaint states a cause of action to quiet title against each defendant. Although under some circumstances a trial court may be justified in sustaining a demurrer without leave to amend such circumstances do not here appear.

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.

SCHAUER, J., Concurring.—I do not accept as accurate the implications in the statement of the majority opinion that the specific factual allegations as to breach of fiduciary duty do not "reveal such a defect in the plaintiff's title as would prevent him from stating a cause of action to quiet title in general terms." The applicable rule is that where plaintiff's right to have title quieted is based on fraud (or, here, facts which have the effect of fraud because they make the execution sale subject to attack), plaintiff must allege the facts from which the right to relief *affirmatively* appears. (See *Thompson* v. *Moore* (1937), 8 Cal.2d 367, 372-373 [65 P.2d 800, 109 A.L.R. 1027]; *Maison* v. *Puntenney* (1931), 212 Cal. 134, 137-138 [298 P. 33]; *Burris* v. *Adams* (1892), 96 Cal. 664, 667 [31 P. 565].) The complaint here avers facts sufficient to meet that rule.

Neither do I concur in the broad statement of the majority opinion that "The alleged gross inadequacy of the price paid at the execution sale . . . strongly suggests a cause for relief and calls for a construction of the complaint in favor of the plaintiff." It seems to me that this approaches saying that a plaintiff who alleges that he is damaged in the sum of $100,000, without more, may state a cause of action to quiet title for fraud, while one who alleges only that he is damaged in the sum of $100 may not. It is text book law that "Fraud is never presumed. Whenever it constitutes an element of a cause of action or of a defense that is of an affirmative nature the facts must be alleged. One against whom charges of fraud are made is entitled to specific averments of the acts of which he is accused, so that he may admit or deny them and thus present real issues." (See 23 Cal.Jur.2d 156-157, § 64, and cases cited.) This rule applies particularly to quiet title actions. (*Strong* v. *Strong* (1943), 22 Cal.2d 540, 545-546 [8] [140 P.2d 386].)

The pertinent rule appears to be that mere inadequacy of price is not ground for invalidating an execution sale but where the inadequacy is great that fact may have strong significance in that a slight additional showing of unfairness or irregularity will authorize and support relief. (*Odell* v. *Cox* (1907), 151 Cal. 70, 74-75 [90 P. 194] ; *Darden* v. *Reese* (1948), 88 Cal.App.2d 904, 908 [200 P.2d 81] ; *Eccleston* v. *Gale* (1932), 122 Cal.App. 688, 689-690 [10 P.2d 1032] ; *Baar* v. *Smith* (1929), 97 Cal.App. 398, 402 [275 P. 861].)

Inasmuch as the pleading in the case at bar meets the tests above delineated, I concur in the judgment.