[Civ. No. 3493.   First Appellate District, Division One.—October 8, 1920.]

# PORTUGUESE AMERICAN BANK (a Corporation), Respondent, v. JOHN W. SCHULTZ, Appellant.

[1] PROMISSORY NOTES — DELIVERY — FULFILLMENT OF CONDITIONS PRECEDENT.—Where promissory notes are placed in escrow with a bank to be delivered to the payee upon the fulfillment by the payee of certain conditions and the delivery to the bank of an order therefor signed by both the maker and the payee, there is a good delivery of the notes when those conditions are fulfilled, notwithstanding one of the acts which was to have been done by the payee was done by the maker himself and he did not sign an order for the delivery of the notes.

[2] ID.—ASSIGNMENT OF NOTES TO ESCROW-HOLDER.—Where there was nothing in the escrow agreement or instructions which prevented the sale of the notes to anyone, the bank did not violate its agreement as escrow-holder by taking an assignment of the notes to itself, but it took them subject to the conditions upon which it held them in escrow.

[3] ID.—FRAUD—FAILURE OF CONSIDERATION—PLEADING—PROOF.—In an action on a promissory note, if the defendant relies either upon fraud or upon failure, or partial failure, of consideration as a defense, he must plead such defense, and the burden is upon him to prove the same; and where such defense is not pleaded, evidence in support thereof is properly rejected.

[4] ID.—COMPLIANCE WITH CONDITIONS OF ESCROW—FINDINGS.—In this action on certain promissory notes given in payment of an interest in a garage, and which were placed in escrow with a bank to be delivered to the payee upon the happening of certain conditions, to wit, that defendant should remain in undisturbed possession of the garage and should be put into possession of the registration certificates of a certain truck and car, the finding of the trial court that defendant remained in undisturbed possession of the premises and received the registration certificates for "said trucks" as in the bill of sale referred to, while they might have been more artfully drawn, were sufficient as a finding that the conditions of the escrow instructions were complied with.

[5] ID.—NONPERFORMANCE OF CONDITIONS PRECEDENT—DAMAGE—EVIDENCE.—In such action, the defendant, who was called as a witness for plaintiff, having been permitted to testify as to the failure of the payee of the notes to perform the conditions precedent to the right of delivery of the notes, it was not error to refuse to permit him to be further cross-examined as to the amount of

damage suffered by him by reason of the failure of the payee to perform such conditions.

[6] ID.—FRAUD—DAMAGES—REFUSAL OF PERMISSION TO AMEND—DISCRETION OF TRIAL COURT.—In this action on certain promissory notes, the trial court did not abuse its discretion in refusing the defendant permission to amend at a late stage of the trial so as to set up fraud which he claimed had been practiced upon him and his damage arising out of such fraud and out of the failure of the payee of the notes to perform certain conditions precedent to the right to a delivery of the notes, those matters having at all times been within the knowledge of the defendant and also of his counsel.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

W. E. Rode for Appellant.

Robinson & Sizer and Clarence De Lancey for Respondent.

BEASLY, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff and against defendant upon three promissory notes given by the latter as the purchase price of an interest in a garage in Oakland.

On November 18, 1918, defendant Schultz and Mrs. M. E. Farrell, wife of F. M. Farrell, were copartners in a garage and automobile repair-shop in Oakland, and on that day Schultz purchased Mrs. Farrell's interest in the garage, including a lease of the premises where the business was conducted, for the price of nineteen hundred dollars. Schultz paid five hundred dollars in cash and gave three promissory notes for the remainder of the purchase price of the property. These notes were not delivered directly and at once to Mrs. Farrell, but were deposited by Schultz with the Portuguese American Bank of Oakland, as it is said "in escrow," under instructions from the parties to deliver them to the payee, Mrs. Farrell, upon the written order of both Schultz and Mrs. Farrell; it being further stated in these instructions that such written order would be given whenever the conditions of the bill of sale of the property from Mrs. Farrell

to Schultz should have been complied with. A copy of the bill of sale was delivered to the bank with the escrow directions.

There was at the time of the sale a mortgage upon the premises occupied by the business, which if foreclosed would oust Schultz from the leasehold; and the delivery of the notes by the bank to Mrs. Farrell was accordingly conditioned in the bill of sale upon Schultz remaining in undisturbed possession of the premises; and the delivery was also conditioned upon the delivery to Schultz of certificates of registration of an Overland car and truck which were included in the property carried by the bill of sale. The registration certificates were never delivered by the seller or her husband to Schultz, but the latter, subsequently, by his own efforts, procured that for the truck in February, 1919, and for the car in April, 1919. Schultz claims that he could not use the truck or car until he received these registration certificates. He remained in undisturbed possession of the property and premises until October 25, 1919, when he sold the property to G. S. Held, although meantime there was a squabble between Schultz and Brien, the landlord, about the amount of the rent. This dispute arose out of the refusal of the landlord to recognize or live up to the agreement between himself and Farrell made on April 29, 1918, providing for a reduction of the rent; and although a foreclosure proceeding was meantime started upon the second mortgage, still Schultz's possession while he owned the garage was not disturbed.

At the time of the sale of the garage to Schultz, F. M. Farrell, husband of Mrs. M. E. Farrell (who may be suspected of being the real party in interest in the garage), owed the Portuguese American Bank one thousand dollars, and two days after the deposit of the notes with the bank Mrs. Farrell indorsed them to the bank as security for her husband's debts. Schultz was, however, apprised of this before the assignment, and being asked by an official of the bank if the notes were good, he made no objection to the indorsement, but stated that the notes were good if he was permitted to continue to occupy the premises.

On December 12, 1918, however, Schultz served a writing upon the bank, in which he notified the latter in general language that the conditions of the instructions upon which

the notes had been placed with the bank had not been complied with; that Mrs. Farrell had undertaken to sell Schultz property of which she was not the owner; that the notes were secured by fraud and false representations, which had not been discovered by Schultz until after the delivery of the notes in escrow, and in this instrument Schultz claimed that the notes were, therefore, "null and void." He made no attempt, however, to rescind the contract or the notes, nor did he offer to return the property he had received for them. The bank retained possession of the notes. No written direction for their delivery to either Mrs. Farrell or the bank was ever given by either Mrs. Farell or Schultz. There was no manual delivery of the notes by Mrs. Farrell or Schultz to the bank (and none by Schultz to the bank to hold as owner, but only the escrow delivery above referred to).

The notes not being paid at maturity, the bank instituted suits for their collection, and from judgments in its favor the defendant prosecutes this appeal.

[1] It is claimed by appellant on these facts that the notes were never delivered. But they were delivered, subject to the conditions stated in the directions which accompanied them when they were placed with the bank. All that remained to be done to entitle the payee to their possession was compliance with these directions, to wit: That defendant should remain in possession of the garage and should be put into possession of the registration certificates of the truck and car. He did remain in possession and he procured the certificates. The fact that they were procured by himself instead of by the payee of the notes for him did not avoid the notes. It must be held that the finding of delivery is sustained by these facts. The fact that no written directions for the delivery of the notes were given by Mrs. Farrell or Schultz does not alter the case, for "that which ought to have been done is to be regarded as done in favor of him to whom and against him from whom performance is due." (Civ. Code, sec. 3529.) And upon the performance of the two conditions specified in the escrow directions, the holder of the notes had the absolute right to the execution upon the part of Mrs. Farrell and Schultz of the direction to deliver.

[2]   Nor is there anything in the contention that the bank violated its duty as escrow-holder by taking an assignment of the notes to itself, for there was nothing in any of the papers or agreements pertaining to this escrow which prevented the sale of the notes to anyone.   The bank had the undoubted right, as well as anyone else, to take an assignment of the notes.   It took them subject, of course, to the conditions upon which it held them in escrow.   The notes did not become good in its hands until compliance with these conditions of the escrow agreement, but it could buy and Mrs. Farrell could sell or hypothecate the interest of the latter in the notes, subject to the conditions upon which they were held by the bank as escrow-holder.   Nor were Schultz's interests, as far as we can see, affected adversely by this assignment.

[3]   Closely associated with this contention of defendant is the offer made by him at the trial to prove that Farrell had deceived him at the sale by including therein many articles not owned by Mrs. Farrell, and by delay in procuring the registration certificates of the truck and the Overland car.   If it was intended by this claim to avoid total payment of the notes upon the ground that they were procured by fraud, it should have been so pleaded, which was not done.   But as we understand defendant's contention, they were not so offered, but only in proof of damages sustained as an offset to the payment of the notes, and against the balance of the purchase price represented by them.   The court at the trial excluded the evidence and rejected offers of proof of such facts upon the ground that they were not pleaded.   There is no pleading of this damage; and no defense of partial or total failure of consideration is pleaded.   Conceding, but not deciding, that these claims, if true, would have constituted a defense or a partial defense to the notes, still it was not available to defendant in the absence of allegations informing the plaintiff of defendant's claims.   The burden of proving fraud, if he relies upon it, is upon defendant in such cases as this.   (*Wilson* v. *White,* 84 Cal. 239, [24 Pac. 114].)   And the burden of showing failure of consideration for a written contract is upon him who asserts it.   (*Cuthill* v. *Peabody,* 19 Cal. App. 304, [125 Pac. 926].)   It follows that he who would assert failure or partial failure of consideration for a promissory

note must allege such failure or he will not be permitted
to present evidence upon that point in the case.  Defendant
has not so pleaded this defense and the trial court was
correct in rejecting it.  (See note to 13 Am. Dec. 378.)
This is elementary.  (1 Sutherland on Code Pleading, sec.
386.)

[4]  Defendant claims that there is no finding that the
escrow conditions were complied with.  But the court found
that the defendant remained in undisturbed possession of
the premises as set forth in the bill of sale, and received
the registration certificates for the trucks as in the bill of
sale referred to.  This finding, it is claimed, does not meet
the issue of nonperformance of the escrow directions given
to the bank.  While the finding might have been more art-
fully drawn, we think it sufficient on the point.  The de-
fendant is found to have had undisturbed possession of the
property, and to have received the registration certificates.
It is true the certificates are not in terms found to have
been for the truck and the touring car, but for "said
trucks," which are, however, also described in the findings
as the ones referred to in the bill of sale.  The cars are
also referred to in a letter attached to the complaint, and
the reference is sufficient to identify the machines for
which the certificates were received.  At least the case
should not be reversed for failure to more specifically iden-
tify the Overland car in the findings.  (Code Civ. Proc.,
sec. 475.)

The findings are also attacked because it is not stated
therein that the direction to the bank to deliver the notes
was given by Mrs. Farrell or Schultz.  But even so, in our
view the allegation, proof, or finding of this direction was
not necessary to plaintiff's case, for the reason that upon
performance of the conditions precedent to the right to
delivery, the plaintiff had the right to the delivery of the
notes, regardless of whether the formal order for delivery
was given or not.

[5]  At the expense of some repetition another point
must be mentioned.  In an attempt to prove the damage
above referred to and the nonperformance of the conditions
precedent contained in the directions to the escrow-holder,
defendant's counsel, upon cross-examination of defendant
Schultz, who had been called as a witness for plaintiff,

asked him as to the amount of damage sustained by him by reason of the failure to sooner obtain the registration certificates. The court sustained objections to the question. The ruling is attacked upon the theory that the evidence sought by the question would tend to show failure to perform the conditions precedent to the delivery of the notes by the bank to Mrs. Farrell as provided in the bill of sale and escrow directions. Schultz had been permitted to testify that he had never delivered or authorized the delivery of the notes; that he had not consented to their indorsement by Mrs. Farrell to the bank; that the bank had not asked his consent to this indorsement; that neither Mr: Farrell nor Mrs. Farrell had delivered the registration certificates to him, and that he had not waived that condition of the contract; that he ultimately by his own efforts obtained a registration certificate, and that meantime until he obtained the certificates he had not been able to use the truck or Overland car in his business. The question which was asked was directed to the amount of his damage by reason of these facts. The ruling of the court excluding the evidence was correct. In being permitted to cross-examine to the extent of showing the above recited facts the scope of cross-examination had been fully covered. The amount of damage sustained by defendant, if any, by reason of the failure of Mrs. Farrell to perform the conditions precedent to the right of delivery of the notes to her was not material to a showing that she had in these respects failed to perform. The amount of damage sustained or whether he was damaged at all had no bearing on the question whether Mrs. Farrell had actually done or failed to do the things provided in the bill of sale and escrow agreement, as conditions precedent to the delivery of the notes.

The question whether the defendant had been defrauded by the misrepresentations of Farrell as to title to the property sold had no bearing upon the terms of the escrow directions, nor was fraud in this respect pleaded as a defense to the notes. The cross-examination was not unduly curtailed by these rulings.

From the record it appears that the motion for a nonsuit was properly decided.

[6] We cannot see that the court abused its discretion in refusing Schultz permission to amend at a late stage of the trial so as to set up the fraud which he claimed had been practiced upon him in selling him articles to which Farrell had no title, and his claim of damages arising out of this, and out of the delay in securing the registration certificates, for, as said by the trial court in refusing the permission, these matters were at all times within the knowledge of the defendant and also of his counsel. They had had ample time and opportunity to plead them, and the question was one for the trial court, in deciding which it not only cannot be said that it abused its discretion, but it must be admitted that it could hardly be said to have erred at all.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 5, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 6, 1920.

All the Justices concurred.