[Civ. No. 5725. First Appellate District, Division One.—September 22, 1927.]

GERALD H. HAGAR et al., Respondents, v. HOME STORES INC. (a Corporation), Appellant.

Fabian D. Brown for Appellant.

George M. Naus and Hugh Kenneth Forsman for Respondents.

TYLER, P. J.—Action to recover certain rentals under a written lease entered into by appellant corporation as lessee

and one J. A. Turgeon as lessor on May 1, 1925. The lease was for a term of three years from the date thereof and provided for a monthly rental of one hundred dollars. At the time it was entered into the property therein described was owned by said lessor, but was subsequently transferred and conveyed by him to respondents herein. Appellant occupied the premises from the date of the execution of the lease until about December 1, 1925, when it vacated them and refused to pay any further rentals. At the time the action was commenced five months' rental had accrued and was unpaid, and before the action was brought to trial an additional two months' rental had accrued. A supplemental complaint was filed to recover for the additional term, making the total claim seven hundred dollars at the date of the trial. Plaintiff recovered judgment for this amount, from which judgment this appeal has been taken. The points urged for reversal are (1) that the evidence is insufficient to support the judgment and (2) that the court erred in refusing to allow defendant to amend its answer so as to set up the defense of fraud in the execution of the lease.

Upon the first contention it is claimed that as a necessary requisite to support the judgment it was incumbent upon respondents to have proved that the lease was executed by the corporation. It appeared at the trial that the lease was executed on the part of the company in the following manner: "Home Stores, Inc., By C. H. Brown, Secretary," with the corporation seal attached. It is appellant's claim that while this *prima facie* evidence was sufficient to prove the execution of the lease by defendant company, it became insufficient when such company offered indisputable evidence to the effect that the secretary of the corporation had no power under the by-laws of the corporation to execute instruments under seal. The by-law which was introduced in evidence contained a provision that when any instrument was signed by the secretary it should be countersigned by the president or one of the vice-presidents of the company. It also appeared in evidence, however, that the company occupied the premises and paid the rent from the date of the lease until the following November. Under these circumstances the company is estopped from raising this defense. Assuming want of authority in the secretary to execute the lease on behalf of the company the relation of landlord and

tenant nevertheless arose, irrespective of the lease, when the company went into possession and enjoyed the use and occupation of the premises. (*Newton* v. *Johnston Organ etc. Co.*, 180 Cal. 185 [180 Pac. 7]; *McQuade* v. *Enterprise Brewing Co.*, 14 Cal. App. 315 [111 Pac. 927]; 24 Cyc. 883.)

Nor is there any merit in the contention that the court erred in refusing to allow defendant to amend its answer at the trial. The allowance or disallowance of an amendment in the midst of a trial is within the sound discretion of the trial court, and its ruling will not be disturbed unless it clearly appears that such discretion has been abused and here there is no such showing (*Allen* v. *Los Molinos Land Co.*, 25 Cal. App. 206 [143 Pac. 253]; *Milliken* v. *Valencia*, 47 Cal. App. 16 [189 Pac. 1049]). There is no merit in the appeal.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.