[Civ. No. 4891. Third Appellate District.—September 29, 1933.]

JAMES A. JOHNSON, Respondent, v. MYRA JOHNSON, Appellant.

Harry S. Harper for Appellant.

F. H. Bowers for Respondent.

PULLEN, P. J.—An action for divorce was filed by plaintiff, the respondent herein, alleging certain acts of mental and physical cruelty inflicted by defendant upon plaintiff, in which defendant answered, denying the several acts of cruelty set forth, and asking that the decree of divorce be not granted.

The cause was tried and an interlocutory decree of divorce was granted plaintiff. Appellant moved for a new trial, which was denied, and thereupon took this appeal from the order and judgment.

Appellant enumerates various grounds for reversal, but relies principally upon two points: 1. That the trial court erred in denying the motion of defendant for leave to file an amendment to her answer setting up a defense of condonation; 2. That the evidence is insufficient to justify or support the finding and judgment of the court.

As to the question of the amendment to the answer setting up matters by way of further defense, the record discloses that the complaint was filed in March, 1930, the answer was thereafter filed in June, 1930, and the cause was tried in May, 1931. During that time no amendment was proposed nor filed, but at the trial, and after plaintiff had rested, counsel for the defendant asked leave to amend her answer by setting up facts to show a reconciliation or condonation. This request was by the trial court denied.

Such a request to amend an answer by setting up a defense not previously pleaded is addressed to the sound discretion of the trial court, and while great liberality is the general rule, here no proposed amendment was submitted to the court, nor reason advanced for the delay in suggesting the additional defense, and it cannot be said under the circumstances any abuse of discretion was shown.

In *Sullivan* v. *Richardson*, 119 Cal. App. 367 [6 Pac. (2d) 567, 568], the court said: "The record does not show that the proposed answer was served or filed. It has been held that the court does not abuse its discretion in denying an amendment when it does not appear from the transcript that any proposed amendment to the answer was served or presented or that notice of motion pointed out the precise amendment which plaintiff would ask leave to file. (*Martin* v. *Thompson*, 62 Cal. 618, p. 622 [45 Am. Rep. 663].)"

The issues were framed nearly twelve months prior to the date of trial and no motion was made during that time to amend the answer, and for that reason also the refusal of the trial court to grant leave to amend during the trial cannot be said to be an abuse of discretion. (*Reay* v. *Reay*, 97 Cal. App. 264 [275 Pac. 533]; *Hagar* v. *Home Stores, Inc.*, 85 Cal. App. 533 [259 Pac. 1007].)

The second assignment goes to the credibility of the witnesses. We have read the transcript and there is ample evidence to support and justify the conclusions of the trial court. Judgment and order are affirmed.

Plummer, J., and Thompson, J., concurred.