[Civ. No. 5825. Third Appellate District.—June 4, 1937.]

JOSEPH F. McGUSHIN, Appellant, v. JOHN W. ARNOLD, Respondent.

Hatfield, Wood, Perry & Maddux, Richard H. Fuidge, Gilford G. Rowland and Wilson Craven for Appellant.

Fred A. Watkins for Respondent.

THE COURT.—Respondent Arnold is the inventor and patentee of a lubricator. In 1934 Arnold entered into an

agreement with plaintiff and appellant McGushin, wherein it was provided, among other things, that the appellant should pay to respondent a stipulated royalty on each article manufactured and sold, payments to be made on the 10th day of each calendar month, and that appellant should keep accurate accounts and render a full statement to respondent on or before the 10th day of each calendar month for the preceding calendar month showing all goods manufactured and sold under said license. Any improvements in the patent were to become the property of respondent, and if royalties or any part thereof should at any time be in arrears beyond the thirty days after the same shall become due, or if appellant should default in performing any of the conditions contained in the agreement, respondent could rescind the agreement.

Differences arose between the parties to this agreement, and an action was brought by plaintiff against defendant, alleging the execution of the agreement, and that in reliance thereon plaintiff expended large sums of money for the construction, promotion and sales of said lubricator. It was also alleged plaintiff constituted defendant his agent for the manufacture and sale of said lubricators for a limited period, and under that agreement defendant manufactured and sold certain lubricators, the exact amount of which was unknown to plaintiff, but alleged that it exceeded the sum of $1500. It is also alleged that defendant refused to make any accounting to plaintiff for the lubricators manufactured and sold.

It is also alleged in a separate cause of action that by reason of the premises plaintiff had been unable to continue the manufacture and sale of said lubricators, and had been deprived of profits therefrom. It is also alleged that plaintiff was damaged in the sum of $25,000 for the loss of business reputation.

An answer was interposed, denying the allegations of this complaint, and by way of cross-complaint, defendant alleged that plaintiff became and still was indebted to him in a specified amount in excess of $1,000 for royalty payments arising out of the sale of the lubricators by plaintiff under the agreement entered into in June, 1934.

It is also alleged in a separate cross-complaint that plaintiff became and still is indebted to defendant in a specified sum in excess of $300 for moneys paid out for the use and benefit of the plaintiff at his special instance and request in

payment and discharge of obligations and indebtedness incurred by plaintiff.

Upon the trial, judgment was entered by the court in favor of defendant upon his cross-complaint, and it was found, among other things, that in June, 1934, plaintiff and defendant entered into a written agreement and that plaintiff failed and neglected to make the royalty payments as required by the agreement. The court also found that plaintiff, in violation of said agreement, failed and neglected to keep accurate or any accounts or to render a full or any statement in writing to defendant, showing goods manufactured and sold under said license agreement.

The court also found that it was provided in the agreement that after June 11, 1935, plaintiff was required to sell not less than 100 lubricators per month; that the agreement could be canceled for failure to sell said minimum quantity of lubricators, and that if royalties were in arrears for 30 days after the same became due or if plaintiff should make default in performing any of the terms of the license agreement, it was lawful for the defendant, by notice in writing given to plaintiff, to terminate said agreement. The court then found that defendant duly canceled said agreement, and at that time and prior thereto, plaintiff was insolvent, and had failed to make royalty payments for a period of six months, and failed to make payments on the 10th day of each calendar month, or at all, and had failed and refused to keep accurate or any accounts or to render any statement of the same to defendant showing goods manufactured by him, under the agreement. The court then proceeded to make findings contrary to the allegations in the complaint, and as conclusions therefrom, directed that plaintiff take nothing by reason of his complaint, and that defendant as cross-complainant have judgment against plaintiff canceling and rescinding the license agreement of June, 1934. From this judgment plaintiff appeals.

In the complaint plaintiff alleges an express agreement on the part of defendant to defer payment of royalties until the business was in a good operating condition. In his brief, however, he directs his argument to the proposition that defendant was estopped from summarily terminating the contract for nonpayment of royalties. It is admitted that plaintiff did not plead an estoppel; however, he contends that the case was tried upon the theory that waiver was an issue and

that in spite of the fact that it was not pleaded, waiver or estopped *in pais* was in reality the chief issue in the case.

■ Cases are numerous to the effect that the party relying upon an equitable estoppel should plead that fact in order that the adverse party may be informed of the nature of the action or defense which he will be obligated to meet. (*Holzer* v. *Read*, 216 Cal. 119 [13 Pac. (2d) 697]; *Fair Oaks Bank* v. *Johnson*, 198 Cal. 196 [244 Pac. 335].)

■ An examination of the transcript shows that when plaintiff, during the trial, attempted to amend his pleadings to set up waiver or estoppel, the motion was denied. The complaint at that time set up a written agreement, and there was no intimation in the pleadings suggesting any defense of waiver. At the time the motion to amend was denied, no showing was made as to why such motion had not been presented earlier. We cannot say that under such circumstances the court abused its discretion in refusing an amendment during the course of the trial. (*Johnson* v. *Johnson*, 134 Cal. App. 460 [25 Pac. (2d) 538]; *Hind* v. *Oriental Products Co.*, 195 Cal. 655 [235 Pac. 438]; *Scholle* v. *Finnell*, 167 Cal. 90 [138 Pac. 746].) ■ It is true that during the trial questions were asked and answers given relating to the dealings of appellant and respondent. These questions were permitted, however, in accordance with the theory of the complaint that an express oral waiver of payment had been made. Such testimony was proper to determine the understanding of the parties on this subject. Contrary to the theory of estoppel now urged, counsel for appellant, in his opening statement, declared that he intended to prove that the parties had expressly agreed amongst themselves that no royalties would be paid by the licensee to the patentee until such time as the business should be in a good going condition, and that there were royalties unpaid but not due. The record also shows that defendant frequently made demand of plaintiff to pay the accounts and asked for a statement of the amounts unpaid.

There is nothing in the record which would bear out the contention of appellant that respondent had said or done anything to induce plaintiff to change his position in regard to the entire matter. We cannot believe that because Arnold did not summarily terminate the agreement when royalties were not punctually paid he thereby estopped himself from declaring a forfeiture. The situation here is not analogous to

the case where sales contracts with instalment payments fall in arrears. Here appellant had manufactured and sold lubricators, collected the purchase price thereof and withheld from respondent his portion representing royalties due under the contract.

Estoppel *in pais* will be enforced in exceptional cases in the interest of equity and good conscience (*Slade* v. *County of Butte*, 14 Cal. App. 453 [112 Pac. 485]), but we do not find sufficient facts to justify the application of that rule here.

The finding by the court that payments or royalties were not waived or deferred is directly supported in the record by the testimony of respondent, as was also the finding of the court that appellant was insolvent, which was a ground specified in the agreement for the termination thereof. There is also ample support in the testimony that appellant failed to submit monthly statements, which also was ground for revoking the license.

Appellant contends that no adequate accounting has been had between the parties, but upon conflicting evidence the court found that appellant was indebted to respondent in the sum of $71. We must accept the findings of the trial court as being correct inasmuch as no evidence to the contrary is pointed out in the brief of appellant.

Appellant contends that a reading of the transcript will show that substantial justice had not been done between the parties by the trial court. We, however, cannot agree with that contention of appellant and believe that the trial court did reach a proper solution of the matter. It appears that appellant represented himself as a man of financial means and ability when he entered into the agreement to sell and manufacture the lubricators. It appears, however, that he lacked means, neglected the business and was absent at long intervals from time to time. He collected royalties but refused to make an accounting thereof to the respondent, and owing to his inability and refusal to meet his accounts, was in trouble with Newman Machine Shop, who was manufacturing the lubricators.

We believe that under the circumstances the respondent was entirely justified in terminating the contract, and the court correct in so finding.

The judgment is affirmed.