[Civ. No. 12674.  First Dist., Div. Two.  Oct. 25, 1944.]

JOHN  BORNEMAN,  Appellant,  v.  SALINAS  TITLE
GUARANTEE  COMPANY et al., Respondents.

Henry J. Kleefisch for Appellant.

Royal E. Handlos, and Stoney, Rouleau, Stoney & Palmer
for Respondents.

DOOLING, J. pro tem.—Plaintiff appeals from a judgment quieting title in defendants Riewerts.  The appeal is

presented on a clerk's and a reporter's transcript. Plaintiff brought the action to quiet title in himself. In his complaint, in addition to the usual allegations of his ownership and the claim of some estate or interest by defendants, plaintiff alleged that defendants had no right, title or interest in, or incumbrance upon, the real property involved "except for the payment of an indebtedness in the amount of $200.00." Plaintiff further alleged that defendant Salinas Title Guarantee Company "is sued herein individually and as Trustee . . . in a certain Deed of or Transfer in Trust dated January 18, 1937, . . . and which said instrument was executed originally by plaintiff for the purpose of securing a certain promissory note dated January 18, 1937, in the principal amount of $400.00, without interest."

By answer defendant title company disclaimed any interest in the property and defendants Riewerts alleged title in themselves, setting out as their source of title a sale to them by defendant title company under the deed of trust referred to in plaintiff's complaint, following default of plaintiff and after proceedings duly and regularly had therefor. A copy of the trustee's deed was pleaded *in haec verba* and no affidavit denying its due execution or genuineness was filed by plaintiff under Code of Civil Procedure section 448.

When the case was called for trial counsel for plaintiff made an opening statement in which he stated his intention to prove that the plaintiff while under indictment for felony had employed a certain attorney to defend him; that while the relation of attorney and client existed the attorney obtained one note for $750 from plaintiff secured by a first deed of trust, and a second note for $400, secured by the deed of trust referred to in the pleadings; that $200 had been paid on the $400 note when the notice of breach was filed; that the property was sold by the trustee to defendants Riewerts and the excess realized over the indebtedness secured by the deed of trust pursuant to which the sale was made was applied on the $750 note secured by the first deed of trust without foreclosing it; that plaintiff was unable to read and write and relied upon his attorney's statements in executing and delivering the two notes and two deeds of trust to him; that they were obtained by fraud and that the defendants Riewerts purchased with notice of these facts.

Following this statement defendants Riewerts moved for

judgment on the pleadings, their motion was granted and judgment was entered quieting their title. The judgment contains the following recital: "it satisfactorily appearing to the court from the pleadings in the action and the statements of the attorneys as to the facts they expected to prove that the defendants J. H. Riewerts and Hazel A. Riewerts, his wife, are the owners in fee simple absolute, as joint tenants, of the real property described in the said complaint and hereinafter described, and . . . are entitled to a judgment quieting their title on the pleadings . . . ."

We are satisfied of the correctness of the action of the trial court. The execution of the note and deed of trust was alleged in the complaint and admitted by the answer. The trustee's deed to the defendants Riewerts was pleaded in the answer and its genuineness and due execution stood admitted by the plaintiff's failure to file an affidavit of denial. If the parties had submitted the case without evidence the defendants Riewerts would have been entitled to judgment on the pleadings, since the pleadings showed a chain of title from plaintiff to the trustee to defendants Riewerts.

Plaintiff however had a statutory replication under Code of Civil Procedure section 462, under which he could prove fraud in the trustee's sale unless he was barred therefrom by the rule of pleading announced in *Maison* v. *Puntenney*, 212 Cal. 134 [298 P. 33] ; *Carpenter* v. *Smallpage*, 220 Cal. 129 [29 P.2d 841] ; *Thompson* v. *Moore*, 8 Cal.2d 367 [65 P.2d 800, 109 A.L.R. 1027] ; and *Strong* v. *Strong*, 22 Cal.2d 540 [140 P.2d 386]. It would be open to plaintiff under this statutory replication to attack the trustee's deed to defendants Riewerts "for any cause not going to its genuineness or due execution." (21 Cal.Jur. 168.)

Upon his opening statement, however, it was clearly developed that he did not propose to attack the trustee's deed as such, but his attack was directed solely against the deed of trust under which the trustee's deed was executed. He had pleaded the execution of this deed of trust in his own complaint and its execution by him was an admitted fact under the pleadings. He had not pleaded fraud or the confidential relationship of attorney and client in his complaint. Conceding that he had a statutory replication to the trustee's deed as pleaded in the answer, he could have no statutory or other replication to the admitted allegations of his own complaint.

Appellant attempts to escape from this dilemma by the assertion in his closing brief that "it is plain that appellant merely refers to the deed of trust and note in connection with the allegation as to the capacity in which the defendant Salinas Title Guarantee Company was sued, as trustee, and identifying it as the trustee designated in the particular deed of trust, and nothing more." The allegation of the execution of the note is direct and explicit: "and which said instrument *was executed* originally by plaintiff . . . ." It is an express averment that plaintiff executed the deed of trust for the purpose of securing the note described. Having directly alleged that he executed the deed of trust, plaintiff was in no position to attack its validity on the trial in the absence of any allegation in his complaint to support his attack. As the case stood his offer of proof showed that he proposed to introduce no evidence which was available to him either under the pleadings as framed or under his statutory replication to the affirmative matter alleged in the answer. It was therefore open to defendants Riewerts to submit the case on the pleadings which, in the absence of any evidence admissible under the statutory replication, showed facts entitling them to the judgment entered.

The offered proof that the trustee applied the excess realized from the sale on the $750 note could not affect the title of defendants Riewerts. Assuming, without deciding, that the trustee made a wrongful application of surplus purchase money, that might give plaintiff a right of action against the trustee but it could not affect the title of the purchasers at the trustee's sale.

The foregoing discussion assumes the correctness of appellant's position that under his statutory replication to the answer he could prove fraud in the execution of the instrument first pleaded in the answer. This seems doubtful in view of the rule of pleading announced in the cases hereinabove cited, which rule was thus expressed in *Thompson* v. *Moore, supra,* 8 Cal.2d 367 at p. 372 [65 P.2d 800, 109 A.L.R. 1027]:

"An action to quiet title may be maintained by the owner to determine any adverse claim of the defendant, and the plaintiff in such action is not required to set forth the nature of the defendant's claim . . . . There is one exception to this rule, and such exception governs in the present action. That

exception is that where the plaintiff seeks to have his title to property quieted as to an instrument which is attacked on the ground of fraud, then, as in all other cases when fraud is the basis for relief, the defrauded party must plead the pertinent facts relied upon as grounds for setting aside said instrument.''

Appellant relies upon certain cases of which *Moore* v. *Copp*, 119 Cal. 429 [51 P. 630] and *Jose Realty Co.* v. *Pavlicevich*, 164 Cal. 613 [130 P. 15] are typical. It is difficult, if not impossible, to reconcile these cases with the rule of *Thompson* v. *Moore, supra,* above quoted from. If we were compelled to decide between the two lines of cases we would be obliged to follow the later decisions of the Supreme Court which lay down the rule that where title is sought to be quieted against an instrument of conveyance on the ground that the instrument was procured by fraud the facts constituting the fraud must be pleaded in the complaint.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.