[L. A. No. 22631.   In Bank.   Oct. 20, 1953.]

MOSS ESTATE COMPANY (a Corporation), Respondent, v. BERTHA RIESE ADLER, as Executrix, etc., Appellant.

L. W. Wrixon, Joseph Young, Kenneth H. Bates and Deadrich, Gill & Bates for Appellant.

West, Vizzard, Howden & Baker and Gordon L. Howden for Respondent.

TRAYNOR, J.—Defendant is the executrix of the estate of Theresa Riese, who owned a tract of land in Kern County adjoining a similar tract owned by plaintiff. For convenience we refer to defendant as the owner of the Riese property. In 1946 plaintiff leased its land to Mesa Farms for 10 years commencing January 1, 1947. At about the same time defendant leased her land to William Fisher, the secretary of plaintiff corporation, and pursuant to an understanding with defendant, he assigned his lease to Mesa Farms. Pursuant to the terms of the leases, the lessee drilled a well on plaintiff's land 50 feet from the boundary of defendant's land and constructed irrigation works on both properties. Water from the well is now used by the lessee for agricultural purposes on both plaintiff's and defendant's land. On December 4, 1950, plaintiff filed this action to quiet title to its land. It alleged that it was the owner of the land and that defendant claimed some interest therein. Defendant answered and alleged the existence of the facts set forth above with respect to the well and leases and claimed "a right and interest in the lands, well and subterranean waters underlying the lands of plaintiff . . . , together with such necessary easements as will enable defendant to receive from said well, as long as said well remains in use, a fair and equitable share of the waters taken from said well, representing waters underlying defendant's hereinabove described land which adjoins the said lands of plaintiff." Defendant also filed a cross-complaint alleging that plaintiff was withdrawing water from her land without her consent and sought damages therefor. At the trial defendant abandoned her claim to damages based on the alleged

drainage of water from her land as well as her claim that the lessee was using water from the well on land other than that of plaintiff and defendant. The trial court granted judgment for plaintiff quieting its title against defendant, and defendant has appealed.

On April 16, 1952, 12 days before the date set for trial of the action, defendant filed a notice of motion for leave to file an amended answer. The motion was denied on April 22d. At the trial she renewed her motion for leave to file an amended answer and made an offer to prove the facts alleged therein. The motion was again denied and the court held that the offered evidence was inadmissible under the pleadings. On the basis of these rulings defendant seeks a reversal of the judgment.

The facts alleged in the proposed amended answer, and which defendant offered to prove, may be summarized as follows: William Fisher, secretary of plaintiff, had for many years acted as defendant's business adviser and agent in her dealings with her property and was in a confidential relationship to her. At the time the leases were executed, Fisher knowingly and falsely represented to her that the lessee insisted on drilling the well on plaintiff's land rather than on defendant's land or on the boundary between the two tracts. He also falsely represented to her that the lessor on whose land the well was located would have to pay the lessee $10,000 for the well and its equipment on termination of the lease. In fact the lessee would have preferred to drill the well on defendant's land because of its higher elevation, but drilled it on plaintiff's land instead because plaintiff required it to do so. No payment will have to be made for the well on the termination of the leases. Neither plaintiff's nor defendant's land by itself has sufficient area to justify the drilling of a well. Thus, the lessee would not have leased one tract without the other and would not have drilled a well unless it could use the water on both tracts. Defendant would not have leased her land without requiring that the well be drilled on her property or on the boundary line, had Fisher not misrepresented the facts to her. Defendant is willing to bear her share of the expense of maintaining the well and claims an interest therein for the purpose of securing water for her land.

It thus appears from the proposed amended answer that defendant is seeking to establish an equitable interest in the well and the water therefrom based upon a violation of the

confidential and agency relationships between her and Fisher. This violation was accomplished by means of fraudulent representations, and enabled Fisher to secure for plaintiff the entire benefit of the well to the exclusion of defendant.

■■ The first question presented is whether defendant was entitled to prove such an interest under a general allegation of ownership of a claim in the well and water. This question was decided adversely to her in *Strong* v. *Strong,* 22 Cal.2d 540 [140 P.2d 386]. In that case the court said, "Defendant contends that the judgment quieting title in her should be affirmed on the ground that she was induced by her husband's false representations to sign the deed. Defendant did not plead fraud, however, although the general rule that fraud must be specifically pleaded [citations] applies particularly to quiet title actions. [Citations.] Defendant, moreover, is not the legal owner, for title passed on execution of the deed. [Citations.] Any rights that she might have to the cancellation of the deed or to the declaration of a constructive trust are entirely equitable [citations], and it is settled that such rights cannot be established in an action to quiet title when the pleadings contain merely general allegations asserting defendant's ownership and denying that of plaintiff. [Citations.]" (22 Cal.2d at 545-546; see, also, *Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 785 [171 P.2d 750]; *Botchford* v. *Alt,* 71 Cal.App.2d 340, 345 [162 P.2d 984]; *Borneman* v. *Salinas Title Guar. Co.,* 66 Cal.App.2d 500, 503 [152 P.2d 649].)

■ Defendant contends, however, that it is the duty of a court of equity, whenever it is suggested that a plaintiff is guilty of fraudulent or otherwise improper conduct with respect to his claim, to inquire into the facts with respect thereto. (See *DeGarmo* v. *Goldman,* 19 Cal.2d 755, 764-765 [123 P.2d 1]; *Rosenfeld* v. *Zimmer,* 116 Cal.App.2d 719, 722 [254 P.2d 137]; *Howe* v. *Brock,* 86 Cal.App.2d 271, 276 [194 P.2d 762].) This rule necessarily presupposes, however, that the facts indicating improper conduct on the part of the plaintiff are properly before the court. (See *Aalwyn's Law Institute* v. *Martin,* 173 Cal. 21, 26 [159 P. 158]; *Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 784 [171 P.2d 750]; *Borneman* v. *Salinas Title Guar. Co.,* 66 Cal.App.2d 500, 503 [152 P.2d 649]; *Bank of America* v. *Goldstein,* 25 Cal.App.2d 37, 46 [76 P.2d 545]; *Hagar* v. *Home Stores Inc.,* 85 Cal.App. 533, 534-535 [259 P. 1007]; *Portuguese American Bank* v. *Schultz,* 49 Cal.App. 508, 515 [193 P. 806].) Otherwise, a defendant could evade the rule that fraud must be specifically

pleaded merely by offering to prove facts showing fraudulent conduct on the part of the plaintiff. In the present case there is nothing in the complaint, the answer, or the evidence introduced under the pleadings that indicates in any way that plaintiff or its agent was guilty of any fraudulent or improper conduct, and accordingly, the trial court was under no duty to inquire into facts outside of the scope of the pleadings.

Defendant finally contends that the trial court abused its discretion in denying her leave to file her proposed amended answer. Defendant filed her answer and cross-complaint on February 13, 1951, more than one year before the case was set for trial. At that time plaintiff stipulated that defendant might file an amended answer within 60 days should defendant's consultation with an expert in water law indicate the desirability of an amendment. Plaintiff filed its answer to the cross-complaint on March 9, 1951, and in January, 1952, it notified defendant that the case was set for trial on April 28, 1952. Defendant took no action until 12 days before the date set for trial, when she noticed her motion to file her proposed amended answer. Plaintiff's attorney filed an affidavit in opposition to defendant's motion and resisted her application for leave to file an amended answer on the following grounds: The case had been at issue 13 months when the motion was made. Although defendant knew of the facts alleged in her proposed amended answer before plaintiff's complaint was filed, she offered no excuse for the delay in pleading them. Defendant's attorney had discussed the case with plaintiff's attorney two months after the original answer was filed, but at that time made no request to amend the answer. Since the proposed amended answer raised new issues of fact with respect to the alleged fraudulent representations, if leave to file were granted, the trial would have to be continued to allow plaintiff time to investigate the factual issues thus raised for the first time. Plaintiff contended that it was entitled to go to trial under the original pleadings as scheduled.

Although it is true, as defendant contends, that amendments should be liberally allowed so that all of the issues may be properly presented, the question whether the filing of an amended pleading should be allowed at the time of trial is ordinarily committed to the sound discretion of the trial court. (Code Civ. Proc., § 473.) In the present case we are not confronted with an amendment designed to cure a technical defect in a pleading otherwise adequate to put the other party on notice of the true basis of the pleader's

case. (See, *Eatwell* v. *Beck, ante,* pp. 128, 135-136 [257 P.2d 643] ; *Burns* v. *Scooffy,* 98 Cal. 271, 276 [33 P. 86] ; *Chatfield* v. *Williams,* 85 Cal. 518, 520-521 [24 P. 839] ; *Hopkins* v. *Hopkins,* 116 Cal.App.2d 174, 180-185 [253 P.2d 723].) Defendant's original answer was apparently based on the theory that a landowner may have an interest in a well located on adjoining land if that well taps a pool underlying both properties. At the trial, however, defendant abandoned this theory (see *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 925-926 [207 P.2d 17] ), and sought instead to set up an entirely different defense. Although defendant offered no excuse for not seeking to file her proposed amended answer sooner, she contends that no delay in the trial would have been necessary. She bases this contention on the facts that she was fully prepared to prove the allegations of her proposed amended answer, and that Fisher was present in court and thus able to testify with respect to his part in the transaction. This contention assumes, however, the truth of her allegations. It may be conceded that if plaintiff had no defense to her claim, further preparation would have done it no good. If, on the other hand, defendant's proposed answer was not true, plaintiff needed time to investigate the facts and to secure evidence to support the testimony Fisher would have given to that effect.

■ The trial court was thus presented with a situation wherein defendant sought to file an amended answer alleging a new defense based on different facts on the eve of the trial more than a year after the original answer was filed and more than two months after she had notice of the date set for trial. Defendant was aware of the facts at the time the original answer was filed, but she gave no excuse for her delay. The original answer gave no inkling of the facts alleged in the proposed amended answer, and a continuance would have been required had leave to file been granted. Under these circumstances we cannot say that the trial court abused its discretion in denying defendant leave to file her proposed amended answer. (*Scholle* v. *Finnell,* 167 Cal. 90, 102 [138 P. 746] ; *Manha* v. *Union Fertilizer Co.,* 151 Cal. 581, 584 [91 P. 393] ; *Lewis & Queen* v. *S. Edmondson & Sons,* 113 Cal.App.2d 705, 711 [248 P.2d 973] ; *Associated Tel. Co.* v. *Greenman,* 111 Cal.App.2d 193, 196 [244 P.2d 15] ; *Anderson* v. *Perminter,* 78 Cal.App.2d 378, 380 [177 P.2d 818] ; *Davies* v. *Symmes,* 49 Cal.App.2d 433, 440 [122 P.2d 102] ; *Bank of America* v. *Goldstein,* 25 Cal.App.2d 37, 45-49 [76 P.2d 545] ;

*McGushin* v. *Arnold,* 21 Cal.App.2d 271, 274 [68 P.2d 733];
*Johnson* v. *Johnson,* 134 Cal.App. 460, 461 [25 P.2d 538]; *Sullivan* v. *Richardson,* 119 Cal.App. 367, 370 [6 P.2d 567];
*Hesse* v. *Commercial Credit Co.,* 97 Cal.App. 600, 602 [275 P. 970]; *Hagar* v. *Home Stores, Inc.,* 85 Cal.App. 533, 535 [259 P. 1007]; *Portuguese American Bank* v. *Schultz,* 49 Cal. App. 508, 515 [193 P. 806]; *Allen* v. *Los Molinos Land Co.,* 25 Cal.App. 206, 213 [143 P. 253].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.