[Civ. No. 31053. Second Dist., Div. One. Nov. 28, 1966.]

BEN WAXMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DAN GER-SHON, Real Party in Interest.

Waxman & Gross and Henry Waxman for Petitioner.

No appearance for Respondent.

Greenwald, Landrum & Baim and Lee W. Landrum for Real Party in Interest.

McCOY, J. pro tem.*—This is a proceeding in mandate to require the Superior Court for Los Angeles County to grant petitioner's motion for leave to file a first amended answer and certain counterclaims in the action entitled Dan Gershon v. Ben Waxman, et al., number 854894, now pending in that court.

In February 1965 plaintiff filed a complaint on a promissory note for $10,333.33 executed by the defendants Waxman and Willen. A month later defendants filed their answer, denying liability on the note and pleading, as an affirmative defense, that in September 1963 and in February 1964 they had given plaintiff certain notes secured by deeds of trust, each as evidence of defendants' "obligation for a loan to be used to purchase a certain parcel of property"; that the note sued on was a part of the interest due on those two notes on April 15, 1964; that the indebtedness represented by the note sued on is "in effect and reality, a part of the initial obligations and indebtedness heretofore referred to under the promissory notes secured by the purchase-money deeds of trust," and that plaintiff's only remedy is by foreclosure.

On August 24, 1966, defendant Waxman, petitioner here, moved the trial court for leave to file his first amended answer and counterclaim to plaintiff's complaint. No motion for leave to amend was filed by his codefendant Willen. Waxman's motion was made on the ground that newly discovered facts required the amendment and counterclaim and that the motion should be allowed in the interest of justice. A copy of the proposed amended pleading was filed with the notice of motion. The court denied the motion on August 24. Waxman now claims that this was an abuse of the court's discretion.

Section 473, Code of Civil Procedure, authorizes the trial court "in its discretion" to allow an amendment to any pleading "in furtherance of justice." The policy of great liberality in permitting amendments at any stage of the proceeding was declared at an early date and has been repeatedly restated. "It is occasionally said that liberality should be particularly displayed in allowing amendment of answers, on the theory that a plaintiff denied leave may often bring a new action while a defendant denied leave is permanently deprived of a defense." (2 Witkin, Cal. Procedure (1954) Pleading, § 594, p. 1605.)

---

*Assigned by the Chairman of the Judicial Council.

The original answer to the complaint was filed in March 1965. In their first affirmative defense defendants alleged that the note sued on, dated April 15, 1964, "represented" defendants' indebtedness to plaintiff on that date for the interest then due on two notes which they had previously executed in favor of plaintiff for money borrowed. It is alleged that the first of these notes for $81,000 with 10 percent interest was executed on September 23, 1963, and that the second for $200,000 with 10 percent interest was executed February 6, 1964. In the proposed amendment to the first affirmative defense it is alleged that on September 23, 1963, defendant Waxman executed two notes in favor of plaintiff in the combined principal sum of $81,000, and on the same day at the instance and request of plaintiff executed a note for $9,000 in favor of "plaintiff's agent William McDonough"; that on January 6, 1964, he executed a note for $200,000 in favor of plaintiff and on the same day executed a note for $20,000 in favor of plaintiff's agent McDonough also at plaintiff's instance and request; that all of those notes were secured by deeds of trust; and that the note sued on represented the interest due on "said five promissory notes" on April 15, 1964. He does not propose, however, to change the nature of his first affirmative defense which is, as originally pleaded, that any action to recover his indebtedness to plaintiff is restricted by section 726, Code of Civil Procedure, "to an action of foreclosure on the parcels of land securing said indebtedness" and that his recovery is limited by section 580b "to only the proceeds of such foreclosure sale."

In his proposed second affirmative defense petitioner repleads the allegations of his proposed amendment to the first affirmative defense as to the execution of the five notes. He alleges that the notes executed in September 1963 and January 1964 in favor of plaintiff and McDonough were made under an unlawful agreement under which plaintiff "demanded, and defendant was compelled to agree to pay, interest in excess of the rate of $10.00 upon $100.00 for one year, in that defendant promised to pay to plaintiff for the two loans indicated interest at the rate of $20.00 upon $100.00 for one year. At the time of the execution of the two promissory notes to plaintiff, plaintiff exacted and demanded, and defendant was compelled to write two additional promissory notes to plaintiff's agent William McDonough, thereby causing said loan, in actuality, to be for an amount in interest above the legal limits."

 Petitioner's notice of motion for leave to file his

amended answer was not filed until August 16, 1966, some 17 months after the filing of his original answer. In support of his motion his attorney filed a declaration in which he alleges that since the filing of the original answer ''new facts have been brought to my attention which established that defendant is entitled to additional defenses to plaintiff's cause of action and to affirmative relief on the ground of usury in the transactions which have given rise to the law suit. That in checking the file in the Estate of McDonough, Superior Court Case No. 855246, matters were revealed to us which support our belief that a defense of usury is appropriate. The interests of justice will be served by permitting said amendments and no rights of plaintiff will be jeopardized by such amendments.''

This declaration is obviously of no value in that it fails to state what new facts were brought to declarant's attention after the filing of the original answer and fails to inform the court when he checked the file in the Estate of McDonough or what matters were revealed to him by that examination.

It is apparent from the proposed amendment to the first affirmative defense that the ''new'' facts there alleged must have been within the knowledge of the defendant Waxman, who is himself an attorney, at the time the original answer was filed. There is no explanation why they were not called to the attention of his attorney and properly pleaded at that time. As the real party in interest points out in his opposition, letters of administration were issued in Estate of McDonough in March 1964, a year before the original answer was filed, and the record in that case was open at all times to inspection by defendant and his attorney.

By his proposed second affirmative defense, defendant for the first time urges the defense of usury, based on the allegations of fact which, as pointed out above, must have been known to him before he filed his answer, with no explanation for his failure to plead that defense at that time. This action has been at issue since March 1965. Discovery has been conducted on the theories set forth in the original pleadings. To allow this new defense at this late date would necessarily impose on plaintiff the burden of conducting further investigation and discovery in order to meet the issue thus sought to be raised, and further delay the trial of the action.

As to his motion for leave to amend his original answer by amending his affirmative defense by adding a proposed second affirmative defense, petitioner made no showing whatever that such leave should be granted ''in furtherance of justice'' or on

*any other ground.* To that extent, the court did not abuse its discretion in denying the motion.

 In his proposed "Third Affirmative Defense and Counterclaim" petitioner alleges in substance that in September 1963 he obtained a loan from plaintiff of $81,000, and that, as a condition of the granting of that loan, 10 percent interest was charged on two notes for the combined total of $81,000, and "a further consideration was required by the plaintiff in the form of another note in the sum of $9,000.00 with a charge of 10% interest per annum, with the plaintiff's agent William McDonough as payee. Three of said notes were secured by deeds of trust on a certain parcel of real property . . . described in paragraph II of the First Affirmative Defense herein. This scheme and device was used by plaintiff to evade the usury laws of the State of California." So far, this is no more than a repetition of the principal allegations of the proposed first amended affirmative defense.

Petitioner next alleges the making of certain payments of $3,000 in October 1963, of $2,874.94 on April 15, 1964, and of $12,125.06 in September 1964 "for and in consideration of the use of the $81,000.00," and that "$15,000.00 of the interest charged by plaintiff for the loan transaction in question had been paid within one year prior to the institution of this law suit." It is then alleged that, "By reason of these premises," plaintiff became indebted to petitioner for treble the $15,000 paid within a year before the institution of the law suit and for the interest paid on the loan other than that paid within the year in the sum of $3,000.

It cannot be said that the facts alleged in petitioner's proposed third affirmative defense and counterclaim constitute an affirmative defense to plaintiff's cause of action. At most, they constitute a cause of action which could have been pleaded as a counterclaim or as a cross-complaint which arose, at the latest, on September 29, 1964, when petitioner paid plaintiff $12,125.06. Except for the payment of September 29, 1964, the facts he now seeks to plead as a counterclaim were obviously known to him when he executed the note sued on dated April 15, 1964, and all of the facts were known to him when he filed his original answer to plaintiff's complaint in March 1965. In seeking leave in August 1966 to amend his answer by pleading this counterclaim, petitioner offered no excuse for his failure to plead the facts constituting his alleged counterclaim when he filed his original answer or for his complete lack of diligence in seeking leave to amend. (Cf.

*Moss Estate Co.* v. *Adler,* 41 Cal.2d 581 [261 P.2d 732];
*Hayutin* v. *Weintraub,* 207 Cal.App.2d 497 [2 Cal.Rptr. 761].)

What we have just said applies with equal force to petitioner's proposed fourth affirmative defense and counterclaim. Here petitioner seeks to allege facts constituting a claim for treble the amount of interest allegedly paid within the year before the filing of plaintiff's complaint in February 1965 on his $200,000 note of January 6, 1964, in favor of plaintiff.

We are satisfied that the trial court did not abuse its discretion in denying petitioner's motion for leave to amend his answer to plead either his third or fourth alleged affirmative defenses and counterclaims.

The alternative writ is discharged. A peremptory writ is denied.

Fourt, Acting P. J., and Lillie, J., concurred.