Filed 5/9/13  KTDA III Associates v. Just Mortgage CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KTDA III ASSOCIATES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JUST MORTGAGE, INC.,<br><br>    Defendant and Respondent. | B240153<br><br>(Los Angeles County<br>Super. Ct. No. BC410821) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Amy D. Hogue, Judge.  Affirmed.

Arthur D. Hodge for Plaintiff and Appellant.

Cho, Sheasby, Chung & Ignacio and Eric N. Chung for Defendant and Respondent.

\* \* \* \* \* \*

Appellant KTDA III Associates, LLC (KTDA) contends the trial court erred in denying its application for leave to file a third amended complaint. It further contends the trial court abused its discretion in awarding expert fees as costs pursuant to Code of Civil Procedure section 998 since no expert witnesses testified at trial. For the reasons discussed, we disagree. Accordingly, we affirm the judgment.

**FACTUAL AND PROCEDURAL HISTORY**

KTDA owned properties located at 10514 Kalmia Street (the 10514 property) and 10516 Kalmia Street (the 10516 property) in Los Angeles. The 10514 property was a rental property occupied by a tenant. In January 2007, KTDA sold the 10516 property to Gladys Flores (Flores) who is not a party to this appeal. To obtain funds to purchase the 10516 property, Flores executed a promissory note payable to respondent Just Mortgage, Inc. (JMI). JMI recorded a first and second deed of trust against the property to secure the loan. However, the deed to the 10516 property listed the legal description of the 10514 property. Flores took possession of the 10516 property.

In August 2007, KTDA discovered that although it had sold the 10516 property to Flores, the recorded deed had the legal description of the 10514 property. To correct the error, on August 30, 2007, KTDA recorded a corrective deed whereby the legal description of the 10516 property was substituted in place of the legal description of the 10514 property.

Flores defaulted on the loan. On April 15, 2008, JMI initiated foreclosure proceedings and recorded a notice of default listing the 10514 property and not the 10516 property.

On July 25, 2008, KTDA demanded that notice of default be corrected to reflect the 10516 property. On February 23, 2009, the foreclosure sale took place and J.P. Morgan purchased the property. On March 10, 2009, J.P. Morgan evicted the tenant occupying the 10514 property.

A complaint was filed on March 30, 2009. The operative second amended complaint was filed by KTDA on October 13, 2009. The second amended complaint

2

alleges causes of action for declaratory relief against J.P. Morgan and for reformation against JMI.

KTDA filed a separate action against Del Sol Escrow. On August 11, 2010 that lawsuit was consolidated with this action. On August 12, 2010, JMI served KTDA with a statutory offer to compromise pursuant to Code of Civil Procedure section 998. KTDA never accepted JMI's offer to compromise. JMI filed its answer to the second amended complaint on November 12, 2009. An ex parte application of JMI to file a cross-complaint against Del Sol Escrow was granted and JMI filed the cross-complaint on November 30, 2009.

In January 2011, the attorneys for KTDA and JMI discussed the filing of a third amended complaint. Before the meet and confer process was completed, Del Sol Escrow filed for bankruptcy protection. A notice of automatic stay was filed on March 2, 2011. The bankruptcy stay was vacated in August 2011. After the stay was vacated, Del Sol Escrow did not participate in the litigation. Trial was scheduled for October 28, 2011.

On September 28, 2011, one month before trial, KTDA filed an ex parte application seeking leave to file a third amended complaint. In addition to the causes of action for declaratory relief and reformation, KTDA sought to allege causes of action for slander of title against JMI and J.P. Morgan, and trespass against JMI. The proposed third amended complaint sought monetary and punitive damages. JMI opposed the ex parte application. The trial court denied KTDA's application on October 18, 2011.

On October 28, 2011, when the parties appeared and announced they were ready for trial, KTDA informed the trial court that it had resolved its claims against J.P. Morgan. Under the settlement, J.P. Morgan was to retain title to the 10514 property and was to pay KTDA an undisclosed sum of money. KTDA also informed the trial court that a new lawsuit alleging slander of title had been filed.

After hearing the evidence in a bench trial, the trial court declined to reform the deed of trust finding that the foreclosure sale extinguished the deed of trust that KTDA sought to reform. Judgment in favor of JMI was entered on December 28, 2011. JMI moved for costs including its expert fees in the amount of $2,026.65. KTDA moved to

3

tax costs.  On January 25, 2012, the trial court awarded JMI $3,579.75, including $2,026.65 as expert fees.

## DISCUSSION

**I.      Denial of Leave of Court to File a Third Amended Complaint.**

KTDA contends that the trial court's denial of leave of court permitting KTDA to file a third amended complaint to add damages causes of action for slander of title against JMI was not supported by substantial evidence of bad faith.

The standard of review of denial of an application for leave to file an amended complaint is abuse of discretion.  "'The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party . . . .' (Code Civ. Proc., § 473, subd. (a)(1).)  '"Leave to amend a complaint is thus entrusted to the sound discretion of the trial court.  '. . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse.  *More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court.*  Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will . . . not be reversed unless, as a matter of law, it is not supported by the record.'" [Citations.]' (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.)" (*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.* (2012) 202 Cal.App.4th 1509, 1534.)

In denying the application, the trial court stated that the claims asserted in the proposed third amended complaint against J.P. Morgan and JMI would not have been stayed by Del Sol Escrow's bankruptcy.  The trial court found that the delay in bringing the application was substantial, that it was untimely and that there was no good reason for the untimeliness.  The trial court also found that the new issues raised in the proposed third amended complaint would require additional discovery and that permitting such amendments on the eve of trial would not be fair.

KTDA knew of the alleged error in the deed of trust as early as August 2007 when it caused a corrective deed to be recorded.  However, it did not seek leave to amend to

4

state a cause of action for slander of title until September 28, 2011. "Although pleadings may be amended at any stage of the litigation (*Moss Estate Co. v. Adler* (1953) 41 Cal.2d 581, 585–586; *Record v. Reason* (1999) 73 Cal.App.4th 472, 486), if a party seeking amendment has been dilatory and/or the delay has prejudiced or will prejudice the opposing party, the trial court in its discretion may deny leave to amend. (See *Solit v. Tokai Bank* (1999) 68 Cal.App.4th 1435, 1448.)" (*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc., supra,* 202 Cal.App.4th at p. 1534.)

We find the trial court did not abuse its discretion in denying KTDA leave to file a third amended complaint.

## II.      Award of Expert Witness Fees as Costs.

KTDA contends that the trial court abused its discretion in awarding expert fees to JMI since no expert witnesses testified at trial. KTDA claims there is no authority for such an award. We disagree with KTDA's contention. "Section 998 states that fees for expert witnesses 'actually incurred and reasonably necessary in . . . preparation for trial' are recoverable. (§ 998, subd. (c)(1).) Although the statute refers to expert witnesses, courts have recognized that 'section 998 . . . covers the cost of experts who aid in the preparation of the case for trial, even if they do not actually testify.' (*Santantonio v. Westinghouse Broadcasting Co., supra*, 25 Cal.App.4th at p. 124.)" *Bates v. Presbyterian Intercommunity Hospital, Inc.* (2012) 204 Cal.App.4th 210, 222.)

We find there was no error by the trial court in awarding expert witness fees.

5

## DISPOSITION

The judgment is affirmed.  JMI is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *

FERNS

We concur:


_____, P. J.

BOREN


_____, J.

ASHMANN-GERST

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.